**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

WESTERN DISTRICT OF TEXAS

Case number *(if known)* _____   Chapter  **11**

☐ Check if this an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**
**For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Eden Home, Inc.** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **DBA  EdenHill Communities** <br> **FKA  Eden Home for the Aged, Incorporated** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **74-1143030** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **631 Lakeview Blvd.** <br> **New Braunfels, TX 78130** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Comal** <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)   **www.edenhill.org**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7.** **Describe debtor's business**

A. *Check one:*

■ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

■ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District _____ | When _____ | Case number _____ |
|---|---|---|
| District _____ | When _____ | Case number _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| Debtor _____ | | Relationship _____ |
|---|---|---|
| District _____ | When _____ | Case number, if known _____ |

**11.  Why is the case filed in**     *Check all that apply:*
      **this district?**

      ■  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
         preceding the date of this petition or for a longer part of such 180 days than in any other district.

      ☐  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or**     ■ No
      **have possession of any**
      **real property or personal**   ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.
      **property that needs**
      **immediate attention?**
                                      **Why does the property need immediate attention?** (*Check all that apply.*)

                                      ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
                                          What is the hazard? _____

                                      ☐ It needs to be physically secured or protected from the weather.

                                      ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
                                          livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

                                      ☐ Other _____

                                      **Where is the property?** _____
                                                                 Number, Street, City, State & ZIP Code

                                      **Is the property insured?**

                                      ☐ No

                                      ☐ Yes.  Insurance agency  _____

                                              Contact name     _____

                                              Phone            _____

---

█   **Statistical and administrative information**

**13.  Debtor's estimation of**     .     *Check one:*
      **available funds**
                                    ■  Funds will be available for distribution to unsecured creditors.

                                    ☐  After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.  Estimated number of**     ☐ 1-49              ☐ 1,000-5,000         ☐ 25,001-50,000
      **creditors**              ■ 50-99             ☐ 5001-10,000         ☐ 50,001-100,000
                                 ☐ 100-199           ☐ 10,001-25,000       ☐ More than100,000
                                 ☐ 200-999

**15.  Estimated Assets**        ☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
                                 ☐ $50,001 - $100,000        ■ $10,000,001 - $50  million      ☐ $1,000,000,001 - $10 billion
                                 ☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                                 ☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

**16.  Estimated liabilities**   ☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
                                 ☐ $50,001 - $100,000        ■ $10,000,001 - $50  million      ☐ $1,000,000,001 - $10 billion
                                 ☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                                 ☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **March 16, 2018** _____
               MM / DD / YYYY

**X** **/s/ Laurence P. Dahl** _____      **Laurence P. Dahl** _____
      Signature of authorized representative of debtor       Printed name

Title    **Chief Executive Officer and Executive Director** _____

**18. Signature of attorney**

**X** **/s/ Mark E. Andrews** _____    Date   **March 16, 2018** _____
      Signature of attorney for debtor                    MM / DD / YYYY

**Mark E. Andrews 01253520** _____
Printed name

**Dykema Gossett PLLC** _____
Firm name

**Comerica Bank Tower**
**1717 Main Street Suite 4200**
**Dallas, TX 75201** _____
Number, Street, City, State & ZIP Code

Contact phone   **(214) 462-6400** _____    Email address   **mandrews@dykema.com** _____

**01253520 TX** _____
Bar number and State

# ACTION OF
# THE BOARD OF DIRECTORS
# OF
# EDEN HOME, INC.

### Resolution #2018- *6*

### February 7, 2018

On this day, at a meeting of the Board of Directors (the "**Board**") of Eden Home, Inc., a Texas not for profit corporation dba EdenHill Communities (the "**Company**"), held in the City of New Braunfels, with a quorum of the Directors present and the following business issues being discussed and conducted, the following resolution was adopted:

**WHEREAS**, the Board has determined that it is desirable and in the best interests of the Company and its creditors, residents, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that the officers and authorized agent listed on Exhibit A hereto and any other person designated and so authorized to act (each, an "**Authorized Officer**") be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify the petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the "**Bankruptcy Court**") at such time as the Authorized Officer, in consultation with the Executive Council, executing the petition shall determine;

**BE IT FURTHER RESOLVED**, that the law firm of Dykema Cox Smith be, and hereby is, employed as bankruptcy counsel for the Company under an agreed-upon retainer in this Chapter 11 case, subject to the approval of the Bankruptcy Court;

**BE IT FURTHER RESOLVED**, that any Authorized Officer be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's Chapter 11 case, with a view to the successful prosecution of such case;

**BE IT FURTHER RESOLVED**, that in connection with the commencement of the Chapter 11 case, any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate the use of cash collateral and to negotiate, execute, and deliver a debtor-in-possession loan facility and exit loan facilities (including, in connection therewith, such notes, security agreements and other agreements or instruments as such Authorized Officer considers appropriate) on the terms and conditions such Authorized Officer executing the same may consider necessary, proper or desirable, and to take such additional action and to execute and deliver each other agreement, instrument, or document to be executed and delivered by or on

1

behalf of the Company, pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**BE IT FURTHER RESOLVED**, that any Authorized Officer and such other officers of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company to cause the Company to negotiate, enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, assignments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the Company's business;

**BE IT FURTHER RESOLVED**, that each Authorized Officer, and such other officers of the Company as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to (and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects): (i) negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such officers deem appropriate or advisable, or to cause the negotiation, execution and delivery thereof in such form and substance as such officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Company, by or at the direction of such officers to constitute evidence of such approval, (ii) negotiate, execute, deliver and/or file any and all agreements, documents, certificates, consents, filings and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby;

**BE IT FURTHER RESOLVED**, that each Authorized Officer be, and each hereby is, authorized and empowered on behalf of and in the name of the Company to execute such consents of the Company as such Authorized Person considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action;

**BE IT FURTHER RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer or the members of the Board in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved; and

**BE IT FURTHER RESOLVED**, that these resolutions shall be filed with the minutes of the proceedings of the Board.

4832-8921-3020.3

Certified as of this *7th* day of February 2018:

_Paul E. Neilson_ (signature)

Paul E. Neilson
President

_Ben P. Wehman_ (signature)

Ben P. Wehman
Secretary

4832-8921-3020.3

## EXHIBIT A

| PARTY | TITLE |
|---|---|
| Laurence Dahl | Chief Executive Officer |
| Linda Shields | Chief Financial Officer |

4832-8921-3020.3