**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** § | § | **CHAPTER 11 CASE** |
| **EDEN HOME, INC.** § | § | **CASE NO. 18-50608-cag-11** |
| Debtor. § | | |

**APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF
GRAVELY & PEARSON, L.L.P. AS SPECIAL COUNSEL FOR THE DEBTOR,
*NUNC PRO TUNC* TO MARCH 16, 2018**

Eden Home, Inc. dba EdenHill Communities, (the "Debtor" or "Eden Home"), Debtor and Debtor-in-Possession in the above captioned case (the "Case"), hereby files this *Application for Approval of the Employment of Gravely & Pearson, L.L.P. as Special Counsel for the Debtor, Nunc Pro Tunc to March 16, 2018* (the "Application") requesting that the Court enter an order authorizing the law firm of Gravely & Pearson, L.L.P. ("Gravely & Pearson") to represent the Debtor and its bankruptcy estate in a limited capacity in relation to a critical and complex construction lawsuit involving the Debtor, including representing the Debtor and its bankruptcy estate a mediation in this construction lawsuit scheduled for May 21, 2018. The Debtor presents this Application and respectfully states as follows:

**I. Jurisdiction and Venue**

1.  This Court has jurisdiction over this chapter 11 case pursuant to 28 U.S.C. § 1334(b). This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A). The Court has authority to enter a final order granting relief pursuant to 28 U.S.C. § 157(b)(1). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Factual and Procedural Background

### A. *The Debtor's Background*

4. Established in 1910, the Debtor has been serving the New Braunfels community and surrounding areas by providing quality senior healthcare and retirement housing since 1956. In 2013, the Debtor began offering continuing care contracts.

5. The Debtor is a non-profit corporation. It is exempt from federal income tax as a charitable organization as described under section 501(c)(3) of the Internal Revenue Code of 1986, as amended. It is governed by a volunteer board of directors and officers.

6. Eden Home is located on approximately fifteen (15) acres on Lakeview Boulevard in New Braunfels, Texas. The original facilities were constructed on this property in 1956. Additional facilities were added in the 1970s and 1980s. In 2008, Eden Home added an additional eight cottages to the property. Eden Home added independent living apartments in 2013 and additional facilities in 2015.

7. These additions completed in 2013 thru 2015 (the "Project") were financed in 2012 by certain mortgage revenue bonds (the "Bonds"), issued by Red River Health Facilities Development Corporation ("Red River") and loaned by Red River to Eden Home. The Bonds are direct obligations of Eden Home. Although the Bonds began to amortize in December 2016, no principal payments have been made, and therefore, the entire $52,550,000 principal amount remains outstanding, together with accrued and unpaid interest. Upon information and belief, the Bonds are secured by certain of Eden Home's assets, including its real property, the Project, and the improvements thereon.

### B. Events Leading to the Bankruptcy Filing

8. In 2012, Eden Home contracted with J. E. Dunn Construction (the "Contractor") for construction of the Project. Before the Project was completed, Eden Home discovered substantial defects in the construction. Efforts to correct the defective construction resulted in delays in the opening of the Project for occupancy and additional construction and renovation expenses to Eden Home. Eden Home is currently in litigation with the Contractor, its sureties, and Zurich American Insurance Company, which issued the builder's risk insurance policy, to recover its losses. *See J.E. Dunn Const. Co. v. Eden Home, Inc.*, Cause No. C-2015-0183D, pending in the 433rd Judicial District in Comal County, Texas (the "Construction Lawsuit"). Various counter-claims and third-party claims have also been raised in the Construction Lawsuit.

9. The Debtor engaged William W. Sommers at Langley & Banack, Inc. ("Langley & Banack") and Marc E. Gravely at Gravely & Pearson to represent it in the Construction Lawsuit on a contingency basis under a joint arrangement between those firms prior to the commencement of this Case (and prior to the commencement of the Construction Lawsuit).[1]

10. Subsequent to the retention of William Sommers, the Debtor made a request for coverage under its Officers & Directors' insurance policy for a defense of the affirmative claims by J.E. Dunn Construction Co. against the Debtor (the "Defense Claims"). The issuer of this insurance policy, Arch Insurance Company, assigned the defense of the Defense Claims to the Gardner Firm and then to Langley & Banack after Mr. Sommers moved to that law firm.

11. Non-binding mediation with the Zurich American Insurance Company began on March 16, 2018 in the Construction Lawsuit.

---

[1] Mr. Sommers was employed at The Gardner Law Firm (the "Gardner Firm") at the time of his and Mr. Gravely's original employment by the Debtor. In January 2016, Mr. Sommers left the Gardner Firm and joined Langley & Banack. Under Mr. Sommers' termination agreement, the Gardner Firm retains no further interest in any attorneys' fees due under its engagement agreement with the Debtor.

12. A second mediation with all parties in the Construction Lawsuit is scheduled for May 21, 2018.

C. *The Procedural History of the Bankruptcy Case*

14. On March 16, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its assets and is managing its businesses as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. No trustee has been appointed and no official committee has been established in this Case.

15. On March 20, 2018, the Court held an expedited hearing on the Debtor's *Second Amended Motion to Modify Stay to Permit Continuation of Pending Lawsuit*, which permitted certain aspects of the Construction Lawsuit to continue notwithstanding the automatic stay arising in this Bankruptcy Case under § 362 of the Bankruptcy Code.

### III. Relief Requested

16. By this Application, the Debtor seeks, as of the Petition Date, to employ and retain Gravely & Pearson as special counsel for the Debtor in the Construction Lawsuit to represent the Debtor in that lawsuit as needed, including representing the Debtor at the mediation scheduled in the Construction Lawsuit on May 21, 2018. This representation in the Construction Lawsuit does not include the representation of the Debtor in conducting this chapter 11 Case.

17. A separate application is being filed to employ Langley & Banack for the same reasons.

18. In compliance with L. Rule 2014(b)(1), the Debtor provides the following information relevant to Gravely & Pearson:

    Marc E. Gravely, Partner
    Gravely & Pearson, L.L.P.
    425 Soledad, Suite 600
    San Antonio, TX 78205
    MGravely@gplawfirm.com
    Phone: 210-472-1111
    Fax: 210-472-1110

  19. Gravely & Pearson is disinterested and does not hold any interests adverse to the Debtor or its bankruptcy estate, other than potential claims for payment of fees and reimbursement of expenses that may be owed to Gravely & Pearson for its work in the Construction Lawsuit.[2]

  20. Gravely & Pearson has no interests that are adverse to the Debtor or its estate with respect to the Construction Lawsuit.

  21. Gravely & Pearson has queried its available information on the Debtor, its affiliated corporations and subsidiaries, the individual directors or principals of the Debtor, the twenty largest unsecured creditors of the Debtor's estate, and those other creditors who have filed lawsuits against the Debtor. The results of this inquiry revealed no conflicts of interest.

  22. Evidence of this disinterestedness such as affidavits or declarations will be provided to the Court, the U.S. Trustee, and any parties-in-interest as required by the Bankruptcy Code and applicable rules.

  23. Through the Gravely & Pearson's pre-petition representation of the Debtor's claims, Mr. Gravely has acquired special knowledge of the Debtor's history and the Construction Lawsuit. Gravely & Pearson's experiences will prove beneficial, and its continued retention is in

---

[2] Upon information and belief, the outstanding litigation expenses owed by the Debtor total $935,517.28. Gravely & Pearson has not agreed to share the above-disclosed compensation, including its contingency fee and its reimbursement for expenses, with any additional person or firm, including Langley & Banack.

the best interest of the Debtor and its estate. Critically, Gravely & Pearson will not be responsible for the core bankruptcy work in this Case.

24. The Debtor does not believe that the proposed retention of Gravely & Pearson will be duplicative of the services to be provided by its co-counsel, Langley & Banack, or the Debtor's proposed bankruptcy counsel, Dykema Cox Smith. To the contrary, retention of Gravely & Pearson, and separately Langley & Banack, will save the estate money by avoiding Dykema Cox Smith attorneys from having to handle the Construction Lawsuit with which Gravely & Pearson is already intimately familiar. The Debtor thus requests the Court's approval of the employment of Gravely & Pearson as special litigation counsel in the Construction Lawsuit.

### IV. Notice

25. The Debtor has caused a copy of this Application to be served on its limited service list, which includes the United States Trustee. The Debtor submits that no other or further notice need be provided.

### V. Prayer for Relief

WHEREFORE, the Debtor respectfully requests that the Court enter an order authorizing Gravely & Pearson to represent the Debtor in the Construction Lawsuit as special litigation counsel *Nunc Pro Tunc* to March 16, 2018. Additionally, the Debtor seeks such other or further relief to which it may be justly entitled.

Dated: May 9, 2018,          Respectfully submitted,

**DYKEMA COX SMITH**
1717 Main Street, Suite 4200
Dallas, TX 75201
Phone: (214) 462-6400
Fax: (214) 462-6401

By: */s/ Mark E. Andrews*
Mark E. Andrews (TX Bar No. 01253520)
mandrews@dykema.com
Aaron M. Kaufman (TX Bar No. 24060067)
akaufman@dykema.com
Andrew Sherwood (TX Bar No. 24033061)
asherwood@dykema.com
Jesse T. Moore (TX Bar No. 24056001)
jmoore@dykema.com

**PROPOSED COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copy of the foregoing document was filed with the Bankruptcy Court via CM/ECF on May 9, 2018, and served on all parties listed on the attached limited service list, including the United States Trustee, pursuant to Bankruptcy Rule 9034(f).

                */s/ Mark E. Andews*
                Mark E. Andrews