IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 CASE |
| | § | |
| EDEN HOME, INC. | § | CASE NO. 18-50608-CAG |
| | § | |
| Debtor. | § | |

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

**APPLICATION FOR APPROVAL OF EMPLOYMENT OF MARTIN & DROUGHT, P.C. AS COUNSEL TO THE COMMITTEE OF UNSECURED RESIDENT CREDITORS**

NOW COMES, the Committee of Unsecured Resident Creditors (the "Committee") appointed in the case of Debtor EDEN HOME, INC., ("Debtor") hereby files this Application for Approval of Employment of MARTIN & DROUGHT, P.C., ("MDPC") as Counsel to the Committee of Unsecured Resident Creditors Effective as of June 5, 2018 (the "Application"). In support of the Application, the Committee states as follows:

## I. JURISDICTION AND VENUE

1.1 This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter concerns the administration of the bankruptcy estate; accordingly, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (0). The predicates for relief requested herein are 11 U.S.C. §§ 105, 330 and 1103, and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2014(a).

## II. BACKGROUND

2.1 On March 16, 2018 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under Title 11 of the United States Code (the "Bankruptcy Code").

2.2     The Debtor has continued in possession of its properties and is operating and managing its businesses as Debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.3     On May 30, 2018, the Committee was appointed in this case. The Committee is comprised of the following members: Joe Bonem, Philip Brown, Joel Davis, Donald Howland, Michael McHale, Margaret V. Mitchell, Carl Herbert Skoog, Kenneth A. Treisch represented by Sheridan Haynes through a Power of Attorney, and John Christopher Waples.

### III. RELIEF REQUESTED

3.1     The Committee desires to employ and retain MDPC as its counsel in this case pursuant to §§ 105, 330, and 1103 of the Bankruptcy Code. It is essential for the Committee to employ MDPC to help the Committee fulfill its duties and obligations. Concurrently with the filing of this Application, MDPC is filing the Affidavit of Michael G. Colvard in Support of Application for Approval of Employment of MARTIN & DROUGHT, P.C. as Counsel to the Committee of Unsecured Resident Creditors Effective as of June 5, 2018 (the "Affidavit"). The Affidavit is attached hereto as **Exhibit "A"**.

3.2     The Committee believes that MDPC has considerable experience in matters of this character and that, given MDPC's expertise in bankruptcy, energy and other general business and corporate law, it is well qualified to represent the Committee in and with this case.

3.3     Additionally, the Committee seeks interim approval — until an order on this motion becomes final — to retain MDPC effective as of June 5, 2018. The decision to

retain MDPC was made on this date, and MDPC has expended considerable time and effort from and after that date on this case. Importantly, the lack of interim approval may impact whether an attorney-client relationship exists between the Committee and MDPC. Therefore, the failure to approve MDPC's employment on an interim basis, subject to final approval, could result in immediate and irreparable harm to the Committee.

## IV. SCOPE OF SERVICES TO BE PROVIDED AND TERMS OF ENGAGEMENT

4.1 The Committee contemplates utilizing MDPC to provide, among others, the following professional services:

a. Advise the Committee on its rights, obligations, and powers in this case and as required by § 1103 of the Bankruptcy Code;

b. Appear before this Court and others on the Committee's behalf on all matters involving these bankruptcy estates, the Committee, and this case;

c. Prepare and file for the Committee all necessary applications, motions, pleadings, orders, reports and other legal papers, and appear on the Committee's behalf in proceedings instituted by, against, or involving the Debtor, the Committee, or this case;

d. Represent the Committee on any potential claim against or by third parties;

e. Assist the Committee in investigating and analyzing the acts, liabilities, and financial condition of the Debtor, the Debtor's assets and business operations, including disposition of those assets, and

   any other matters relevant to this case and the interests of unsecured creditors;

 f. Assist the Committee in examining claims filed against the Debtor to determine whether any asserted claims are objectionable or otherwise improper;

 g. Advise the Committee on matters relevant to this case and the formulation of a plan;

 h. Advise the Committee on any potential sale or other disposition of any estate asset;

 i. Consult with the Debtor, their representatives, and professionals regarding the administration of this case; and

 j. Perform all other legal services necessary for and requested by the Committee in connection with this case and the Committee's duties therein.

 4.2 Subject to Court approval, MDPC will charge the Committee for its professional services as follows:

 a. MDPC's standard hourly rates, as of the filing of this Application, are:

| | |
|---|---|
| Partners | $350 to $650 |
| Associates | $250 to $300 |
| Paraprofessionals | $100 to $150 |

 b. The hourly rates set forth above are the standard hourly rates charged by MDPC with its other clients. These rates are set at a level designed to fairly compensate MDPC for the work of its service team

        and to cover fixed and routine overhead expenses. The rates set forth above are subject to periodic adjustments to reflect economic and other conditions. MDPC adjusts its hourly rates on January 1 of each year. Other attorneys and paralegals employed by MDPC, in addition to those identified below, may from time to time serve the Committee with the matters described herein.

c.     MDPC's primary team on this particular engagement will be Michael G. Colvard ($475/hour), M. C. Cottingham (Cottie) Miles ($425/hour), Jon D. Lowe ($450/hour), Mathis B. Bishop ($400 and Pablo J. Benavides ($250/hour). From time to time, additional support may be periodically provided to the Committee by other employees and partners of MDPC at the standard rates noted above. All hourly rates charged by MDPC are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged for cases of this size and complexity.

d.     In addition to the compensation for services rendered, MDPC shall be reimbursed for all reasonable out-of-pocket expenses incurred relating directly to work performed for the Committee in this case. Examples of such expenses include travel, lodging, meals, equipment and vehicle rental, clerical supplies and services, and telephone, fax and photocopy charges. MDPC charges only the amount actually incurred by it in connection with such items.[1]

---

[1]     MDPC charges $0.15 per page for standard duplication and printing, $0.50 per page for color copies, and $0.08 per page for scanning. MDPC charge its clients $0.50 per page for outgoing and incoming facsimile

e. To ensure compliance with all applicable deadlines and exigencies in this complex case, MDPC will from time to time utilize the services of overtime secretaries and may seek reimbursement for the same. MDPC does not charge for secretarial and word-processing expenses incurred during the normal working day.

f. MDPC shall seek compensation of its fees and expenses on an interim and final basis in accordance with section 330(a), the local rules of this Court, and other applicable orders of the Court.

g. MDPC will keep track of its billings on a tenth-of-an-hour basis with time charges allocated in accordance with the categories set forth by the office of the U.S. Trustee.

h. MDPC reserves the right to apply to this Court, upon confirmation of any plan or plans of reorganization, for a fee enhancement for extraordinary results obtained under applicable bankruptcy law regarding fee enhancements.

4.3 MDPC intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court.

4.4 Other than as permitted by the Bankruptcy Code, MDPC has neither shared nor agreed to share with any other person compensation received or to be received in this case.

---

transmissions. MDPC has a negotiated monthly rate for Lexis computer-assisted legal research on certain covered databases. This monthly discount is passed through to clients. Research in databases not covered by this agreement are billed at full rates and passed through accordingly to the clients. Computer-assisted legal research is used whenever the researcher determines that using Lexis is more cost effective than using traditional (non-computer-assisted legal research) techniques.

4.5     MDPC does not represent any interest materially adverse to these estates, the United States Trustee, or any person employed by the office of the United States Trustee. MDPC has represented one or more creditors of the same class as represented by the Committee.

4.6     MDPC has informed the Committee that, given its diverse practice and client base, it may represent clients in matters unrelated to this chapter 11 case who are or become creditors of the Debtor. MDPC will not represent any person or entity in a transaction with the Debtor that conflicts or may conflict with MDPC's representation of the Committee in this case.

4.7     Furthermore, the Affidavit discloses all known connections of MDPC with the Debtor, the largest and material creditors of the Debtor, and other parties-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

4.8     Accordingly, the Committee submits that the employment of MDPC as counsel to the Committee would be in the best interests of the Committee.

## V.  NOTICE

5.1     The Committee has caused a copy of this Application to be served upon (i) the Debtor's Limited Service List as of May 21, 2018 [Docket No. 141], which includes the pre-petition lenders and their counsel and the consolidated list of the top twenty (20) largest unsecured creditors of the Debtor; (ii) the United States Trustee; (iii) those persons who have formally appeared in this case and requested served pursuant to Bankruptcy Rule 2002; and (iv) all applicable government agencies to the extend required by the Bankruptcy Rules and Local Rules. The Committee submits that no other or further notice

need be provided.

PRAYER

**WHEREFORE,** the Committee respectfully requests that the Court enter an Interim Order (a) approving the employment of MDPC as counsel to the Committee in this case effective as of June 5, 2018; (b) authorizing MDPC to be compensated as set forth herein, subject to applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and orders of this Court; and (c) awarding the Committee such other and further relief that this Court deems just and proper.

        Respectfully submitted,

        **THE COMMITTEE OF UNSECURED
RESIDENT CREDITORS**

        */s/ Donald Howland*
        Donald Howland, Committee Chair

        and

        **MARTIN & DROUGHT, P.C.**
        Bank of America Plaza, 25th Floor
        300 Convent Street
        San Antonio, Texas 78205
        (210) 227-7591 - Telephone
        (210) 227-7924 - Facsimile
        mcolvard@mdtlaw.com - Email

        /s/Michael G. Colvard
By:   _____
        MICHAEL G. COLVARD
        State Bar No. 04629200
**PROPOSED COUNSEL FOR THE COMMITTEE
OF UNSECURED RESIDENT CREDITORS**

## CERTIFICATE OF SERVICE

    I hereby certify that on June 5, 2018, a true and correct copy of the foregoing Application was served (i) electronically by the Court's PACER system, (ii) via e-mail where indicated, and (iii) by first-class U.S. Mail on the parties listed on the attached Service List.

/s/ Michael G. Colvard
Michael G. Colvard