**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **CHAPTER 11 CASE** |
| **EDEN HOME, INC.** | § | **CASE NO. 18-50608-cag-11** |
| Debtor. | § | |
| | § | |
| | § | |

**AMENDED MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR**
**TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE**
**<u>ORDINARY COURSE OF BUSINESS</u>**

Eden Home, Inc. (the "<u>Debtor</u>") files this *Amended Motion for Entry of an Order Authorizing the Debtor to Retain and Compensate Professionals Utilized in the Ordinary Course of Business* (the "<u>Motion</u>"). In support of this Motion, the Debtor would respectfully show the following:

I. **<u>JURISDICTION</u>**

1.       The Court has jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334, and the Local Rules of the Court. This matter concerns the administration of this bankruptcy estate; accordingly, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2.       Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 327(a), 328(a), and 330; and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Texas (the "<u>Local Rules</u>").

4846-0940-4530.1
723813\000005

## II.  **BACKGROUND**

3.      On or about March 16, 2018 (the "Petition Date"), the Debtor commenced its case by filing a voluntary petition under chapter 11 of the Bankruptcy Code.  Since the entry of the Order for Relief, the Debtor has remained in possession and control of this bankruptcy case and the estate pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date of this Motion, a Residents Committee has been appointed and no motions to convert the Case have been filed.

4.      The Debtor is a not for profit corporation,[1] doing business as EdenHill Communities in New Braunfels, Texas.  The Debtor provides quality senior healthcare and retirement housing.  The Debtor's current campus was opened in 1956, and began doing business in its current form in 2009.

5.      The Debtor has previously filed the *Declaration of Laurence P. Dahl in Support of Debtor's Chapter 11 Petition and First Day Relief* (the "Dahl Declaration"), which contains additional background information on the Debtor and its operations and is incorporated herein by reference.

## III.  **RELIEF REQUESTED**

6.      The Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (i) authorizing the retention and compensation of professionals utilized in the ordinary course of the Debtor's business (collectively, the "Ordinary Course Professionals"), nunc pro tunc to the Petition Date, or such later date as applicable, without the necessity of submitting formal retention or fee applications for each individual professional and

---

[1] The debtor is exempt from federal income tax as a charitable organization described under Section 501(c)(3) of the Internal Revenue Code.

(ii) authorizing the Debtor's the payment to Macdonald Resnevic, PLLC ("Macdonald Resnevic") for the firm's pre-petition invoice in the amount of approximately $5,585.00.

7.      The primary services provided by the Ordinary Course Professionals are currently as counsel to the Debtor on (i) regulatory issues, and (ii) issues related to the credentialing unit of the Texas Health & Human Services Commission.   Utilizing the Ordinary Course Professionals to assist with or address these matters is in the best interest of the Debtor, its estate, and its creditors given such professionals' familiarity with the Debtor and the facts at issue.   In particular, Cory MacDonald, currently of Macdonald Resnevic, has worked with the Debtor for more than a decade and has a significant breadth of knowledge concerning the extensive work he has completed for the Debtor.   The Debtor does not expect that substantial fees will be incurred by the Ordinary Course Professionals.   The Debtor's bankruptcy counsel will take every effort to minimize potential duplication of effort.

8.      A non-exhaustive list of Ordinary Course Professionals as of the date of this Motion is attached hereto as **Exhibit B**.[2]  In the event that amendments or supplements to the list of Ordinary Course Professionals are necessary, the Debtor shall file a supplemental list with the Court and serve it upon the parties named in the limited service list; however, the Debtor believes that the current list constitutes all of the Ordinary Course Professionals necessary in this case.

9.      In light of the time and expense associated with the preparation of separate retention and fee applications for professionals who will receive relatively small fees, it is impractical and inefficient for the Debtor to prepare such individual applications for each

---

[2]  The Debtor reserves the right to retain additional Ordinary Course Professionals during this case, as the need arises, and seek authorization from the Court to supplement this list of professionals from time to time.

Ordinary Course Professional. Moreover, individual retention and fee applications would unnecessarily burden the Court and the U.S. Trustee, while adding to the administrative costs of this chapter 11 case without a corresponding benefit to the Debtor's estate. Therefore, the Debtor requests that the Court dispense with the requirement of filing individual retention and fee applications with respect to each Ordinary Course Professional.

### A.      *Nunc Pro Tunc Retention*

10.      Through this Motion, the Debtor seeks authority to retain the Ordinary Course Professionals *nunc pro tunc* to the Petition Date, March 16, 2018.

11.      In this situation, *nunc pro tunc* relief is necessary due to the nature of the services being provided to the Debtor by some of the Ordinary Course Professionals. The filing of the Debtor's bankruptcy petitions created a need for legal and other professional services following the Petition Date; however, the Debtor was not immediately aware of the scope of the services that would be necessary and which professionals would ultimately be required to provide those services.

12.      Given the progress of the Debtor's bankruptcy case so far, the Debtor believes that now is the appropriate time to seek the retention of the Ordinary Course Professionals, *nunc pro tunc*, in order to be able to compensate such professionals for any services already provided in this case. The Debtor does not believe that any parties would be prejudiced by this request because the services rendered will benefit or have already benefited the Debtor, its creditors, and its estate. Additionally, as set forth below, the Debtor anticipates that the fees to be paid shall be relatively small.

### B. *Retention and Compensation Procedures*

13. The Debtor proposes the following procedures for the retention and

compensation of the Ordinary Course Professionals:

a. The Debtor shall file a declaration of disinterestedness (a "Declaration"), substantially in the form attached as **Exhibit 1** to the Order, on behalf of each Ordinary Course Professional that the Debtor seeks to employ, certifying that the professional does not hold any interest adverse to the Debtor or its estate with respect to the matters on which the professional is sought to be employed, prior to paying any fees to the Ordinary Course Professional.

b. The Debtor shall serve copies of the Declarations on: (i) the Office of the United States Trustee for the Western District of Texas; (ii) counsel for the Bond Trustee; and (iii) counsel to the Resident Committee (collectively, the "Reviewing Parties").

c. The Reviewing Parties shall have seven (7) days after service of the Declaration (the "Objection Deadline") to notify the Debtor, the other Reviewing Parties, and the relevant Ordinary Course Professional, in writing of any objection to the retention, employment, or compensation of the Ordinary Course Professional.

d. If no objections are asserted by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to section 327 of the Bankruptcy Code without the need for a hearing or further order of the Court. If an objection is (i) asserted in writing, and (ii) served on the Debtor, the Reviewing Parties, and the Ordinary Course Professional by the objection deadline, and such objection cannot be resolved, the Debtor shall schedule the matter for hearing before the Court.

e. Subject to the objection procedures described above, the Debtor is authorized and empowered to pay compensation and reimburse expenses to the Ordinary Course Professionals retained pursuant to the Order in the customary manner and in the full amount billed by each such Ordinary Course Professional, upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such Ordinary Course Professional's standard billing practices up to $180,000 in the aggregate for all Ordinary Course Professionals for the entire period in which this chapter 11 case is pending (the "OCP Cap"). The Debtor anticipates that average monthly fees will not exceed $30,000 per month, in the aggregate, for all Ordinary Course Professionals (the "Monthly Average"); however, due to the possibility that some

months may exceed the Monthly Average while others will not, the Debtor requests that the fees associated with the Ordinary Course Professionals be capped on an aggregate basis through the OCP Cap.

f.  Unless the Court orders otherwise, in the event that an Ordinary Course Professional seeks payment in excess of the OCP Cap, such Ordinary Course Professional shall file (i) a separate application to be retained as a professional pursuant to section 327 of the Bankruptcy Code and (ii) a fee application, to be heard on appropriate notice, for the full amount of its fees and expenses in this chapter 11 case, in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Bankruptcy Local Rules for the Western District of Texas (the "Bankruptcy Local Rules"), the Fee Guidelines promulgated by the Executive Office of the U.S. Trustee (the "U.S. Trustee Guidelines"), and all orders of the Court.

g.  During the pendency of this chapter 11 case and until the effective date of the Plan, within thirty (30) days after the end of any quarter, the Debtor will file a statement reflecting the fees and expenses paid to each Ordinary Course Professional for the preceding quarter (each, a "Quarterly Statement") with the Court and serve copies of the Quarterly Statement on the Reviewing Parties; *provided that* the **initial quarter** shall be the date of the Order on this Motion through December 31, 2018. The first Quarterly Statement will also include any relevant payments made by the Debtor since the Petition Date.

14.  The foregoing proposed ordinary course retention and compensation procedures shall not apply to those professionals for whom the Debtor has filed (or will file) separate applications for approval of employment.

## C. *Basis for Relief*

15.  Retention of the Ordinary Course Professionals is essential and should be authorized to avoid any disruption in the Debtor's day-to-day business operations. The Debtor anticipates that most, if not all of these Ordinary Course Professionals will be professionals engaged by the Debtor prior to the Petition Date and are already familiar with the Debtor's affairs. While certain of the Ordinary Course Professionals may wish to continue to represent

the Debtor on an ongoing basis, they may be unwilling to do so if the Debtor cannot pay them on a regular basis. Loss of the expertise and background knowledge of any of these Ordinary Course Professionals would undoubtedly cause the Debtor to incur additional and unnecessary expenses in retaining and familiarizing other professionals. Therefore, it is in the best interests of the Debtor's estate, its creditors, and all parties in interest that the Debtor avoid any disruption in the professional services required in the day-to-day operation of its business.

16.     Moreover, the relief requested herein will save the Debtor's estate the substantial expense associated with applying separately for the employment of each Ordinary Course Professional. Specifically, granting the requested relief will avoid incurring additional fees pertaining to preparing and prosecuting individual retention and interim fee applications for each Ordinary Course Professional. In addition, the procedures outlined above will relieve the Court, the U.S. Trustee, and any other interested parties of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses. Furthermore, the Ordinary Course Professionals will not be involved in the administration of this chapter 11 case, but rather will provide services in connection with the Debtor's ongoing business operations and legal proceedings unrelated to the bankruptcy case.

17.     Because the services to be provided by the Ordinary Course Professionals would be necessary regardless of the filing of the bankruptcy case and such professionals will not play a role in the Debtor's reorganization, the Debtor does not believe that the Ordinary Course Professionals are "professionals," as the term is used in section 327(a) of the Bankruptcy Code, whose retention must be approved by the Court. *See, e.g., In re Cyrus II P'ship*, No. 05-39857 (MI), 2008 WL 3003824, at *2 (Bankr. S.D. Tex. July 31, 2008) ("the phrase 'professional

persons,' as used in § 327(a) is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate. Thus, although the [person] may possess a high degree of expertise in their fields, this expertise is not the proper focus of the § 327(a) definition of 'professional persons.'") (quoting *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986)); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) ("[i]t is only those who deal with the actual reorganization of the debtor (rather than the ongoing business of the debtor) who are required to be employed under § 327 and whose applications for payment must be approved by the Court."); *In re D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989) (finding that section 327 approval is not necessary for a professional person "who provides services to debtor that are necessary regardless of whether petition was filed"); *In re Madison Mgmt. Grp., Inc.*, 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (explaining that retention and court approval under section 327 is only required for professionals whose occupation plays a central role in the administration of the bankruptcy case).

18.     Other than the Ordinary Course Professionals, all attorneys and other professional persons, as referred to in sections 327(a) of the Bankruptcy Code, employed by the Debtor during this case will be retained pursuant to separate retention applications and compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee Guidelines, and other orders of the Court.

19.     Retention of the Ordinary Course Professionals would benefit the Debtor and its estate because of such professionals' past relationships with, and understanding and

4846-0940-4530.1
723813\000005

knowledge of, the Debtor and its operations. Indeed, it is in the best interest of all creditors and parties in interest to avoid any disruption of services rendered by the Ordinary Course Professionals in connection with the day-to-day operations of the Debtor's business. Accordingly, the Debtor respectfully submits that the Court should grant this Motion and approve the procedures set forth herein.

20.     Similar retention and payment procedures with respect to ordinary course professionals have been approved in this district and others. *See, e.g., In re R.E. Loans, LLC, et al.*, Case No. 11-35865 (Bankr. N.D. Tex. Oct. 28, 2011); *In re Erickson Retirement Cmtys., et al.*, Case No. 09-37010 (Bankr. N.D. Tex. Jan. 22, 2010); *In re Pilgrim's Pride Corp., et al.*, Case No. 08-45664 (Bankr. N.D. Tex. Dec. 31, 2008); *In re Mirant Corp., et al.*, Case No. 03-46590 (Bankr. N.D. Tex. Aug. 4, 2003); *In re Spectrum Jungle Labs Corp. et al.*, Case No 09-50455 (Bankr. W.D. Tex. Mar. 4, 2009); *In re Sherwin Alumina Company, LLC*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Feb. 24, 2016); *In re BPZ Res., Inc.*, No. 15-60016 (DRJ) (Bankr. S.D. Tex. Apr. 7, 2015).

## IV. **PRAYER**

WHEREFORE, Eden Home, Inc., as debtor and debtor-in-possession, respectfully requests that the Court enter an order in the form attached hereto as **Exhibit A**: (a) authorizing the Debtor to retain and compensate the Ordinary Course Professionals during this Chapter 11 Case pursuant to 11 U.S.C. §§ 105(a), 327(a), 328(a), and 330, and Bankruptcy Rules 2014(a); (b) authorizing the Debtor to pay Macdonald Resnevic, PLLC the outstanding, pre-petition balance; and (c) awarding the Debtor such other and further relief as this Court may deem just and proper.

4846-0940-4530.1
723813\000005

Dated: September14, 2018

Respectfully submitted,

**DYKEMA COX SMITH**
1717 Main Street, Suite 4200
Dallas, Texas  75201
Phone: (214) 462-6400
Fax: (214) 462-6401

By:    */s/Mark E. Andrews*
    Mark E. Andrews (TX Bar No. 01253520)
    mandrews@dykema.com
    Andrew Sherwood (TX Bar No. 24033061)
    asherwood@dykema.com
    Jane A. Gerber (TX Bar No. 24092416)
    jgerber@dykema.com

**COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served this 14th day of September, 2018 either (1) electronically by the Court's CM/ECF system, (2) by email transmission, (3) by facsimile transmission, or (4) by United States First Class Mail, postage prepaid, to the parties on the attached limited service list.

*/s/ Jane A. Gerber*
Jane A. Gerber