

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 16, 2019.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| | § | **CHAPTER 11 CASE** |
| | § | |
| **In re:** | § | |
| **EDEN HOME, INC.** | § | **CASE NO. 18-50608-cag-11** |
| **Debtor.** | § | |
| | § | |
| | § | |

## ORDER APPROVING (I) THE DISCLOSURE STATEMENT; (II) A RECORD DATE, VOTING DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS; (III) PROCEDURES FOR FILING OBJECTIONS TO PLAN; (IV) SOLICITATION PROCEDURES FOR CONFIRMATION; AND (V) A HEARING DATE TO CONSIDER <u>CONFIRMATION OF THE DEBTOR'S PLAN</u>

The Court has considered the _Amended Motion for Order Approving (I) Disclosure Statement; (II) Record Date, Voting Deadline and Procedures for Temporary Allowance of Certain Claims; (III) Procedures for Filing Objections to Plan; (IV) Solicitation Procedures for Confirmation; and (V) a Hearing Date to Consider Confirmation of the Debtor's Plan_ (the

"Solicitation Procedures Motion")[1] filed by Eden Home, Inc. ("Eden" or the "Debtor") in the above referenced chapter 11 case, seeking entry of an order pursuant to 11 U.S.C. §§ 105(a), 1125, 1126, and 1128 and Rules 2002, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure approving (i) the Disclosure Statement, as amended; (ii) the Record Date, the Voting Deadline and procedures for temporary allowance of certain claims; (iii) procedures for filing Plan objections; (iv) the Solicitation Procedures for confirmation; and (v) a hearing date to consider confirmation of the Debtor's Plan; the Court having reviewed the Disclosure Statement, as amended, and the Solicitation Procedures Motion; a hearing having been held on **May 2**, **2019** (the "Disclosure Statement Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Disclosure Statement and Solicitation Procedures Motion; and the Court having reviewed and considered (i) the Disclosure Statement; (ii) the Solicitation Procedures Motion and objections thereto, if any, (iii) the arguments of counsel made, and the evidence proffered or addressed at the Disclosure Statement Hearing. It appearing that notice of the Disclosure Statement Hearing and the hearing on the Solicitation Procedures Motion was sufficient and proper under the particular circumstances, and that no other or further notice need be given; and it appearing that the relief requested is in the best interests of the Debtor, its estate and creditors, and other parties in interest; and upon the record of the Disclosure Statement Hearing and this Case; and after due deliberation thereon, and good cause appearing, therefore;

**IT IS THEREFORE ORDERED** as follows:

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Solicitation Procedures Motion and Disclosure Statement.

**A.**     **Approval of Disclosure Statement**

1.     Pursuant to Rule 3017(b) of the Federal Rules of Bankruptcy Procedure, the Disclosure Statement, as amended, is approved as containing adequate information within the meaning of section 1125(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code").

**B.**     **Establishment of Record Date, Voting Deadline and Certain Other Procedures**

Record Date

2.     Notwithstanding anything to the contrary in Fed. R. Bankr. P. 3018(a), the record date (the "Record Date") for determining (a) creditors and interest holders entitled to receive Solicitation Packages (as defined below), and (b) creditors and interest holders entitled to vote to accept or reject the Plan shall be **May 20, 2019.**

Voting Deadline

3.     The last date and time by which ballots for accepting or rejecting the Plan must be received by the Balloting Agent (as defined below) in order to counted shall be **June 21, 2019, at 4:00 p.m. Central Time** (the "Voting Deadline"). Ballots must be returned to the Balloting Agent on or prior to the Voting Deadline by (a) mail in the return envelope provided with each ballot, (b) overnight delivery, or (c) hand delivery to the Balloting Agent, in order to be counted.

Other Procedures

4.     The Balloting Agent or the Debtor shall file a summary of all Ballots received as of the Voting Deadline with the Court on or before **June 28, 2019**.

**C.**     **Confirmation Hearing and Objections**

5.     Pursuant to Rule 3020(b)(2) of the Federal Rules of Bankruptcy Procedure, the hearing on confirmation of the Plan (the "Confirmation Hearing") shall be **July 2, 2019, at 9:00**

**a.m. Central Time**, and may be continued, if necessary, to a later date (the "<u>Confirmation Hearing Date</u>").

6.      Pursuant to Rule 3020(b)(1) of the Federal Rules of Bankruptcy Procedure, objections to confirmation of the Plan ("<u>Confirmation Objections</u>") must be filed and served by **June 21, 2019, at 4:00 p.m. Central Time** (the "<u>Objection Deadline</u>").    Confirmation Objections not timely filed and served in accordance with this Order shall not be considered.

7.      Confirmation Objections to the Plan, if any, must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth (i) the name of the objector, and (ii) the nature and amount of any claim asserted by the objector against or in the Debtor, its Estate or Assets; (d) state with particularity the legal and factual basis for the objection, including suggested language to be added or existing language to be amended or deleted; (e) be filed with the Court together with proof of service; and (f) be served by personal service, overnight delivery, or first-class mail, so as to be RECEIVED no later than the Objection Deadline, by the following (collectively the "<u>Notice Parties</u>"):

Debtor's Counsel:
Dykema Gossett PLLC
1717 Main Street, Suite 4200
Dallas, Texas  75201
Attn:  Mark E. Andrews or Jane A. Gerber

AND

The United States Trustee:
615 E. Houston Street, Suite 533
San Antonio, Texas 78205
Attn: Kevin Epstein

### D.    Solicitation Procedures

<u>Duties of Balloting Agent</u>

8.    In connection with the solicitation of votes with respect to the Plan, Globic Advisors, employed through an application heard and granted by the Court on May 2, 2019, shall act as the Balloting Agent.  The Balloting Agent is authorized and directed to assist the Debtor in soliciting holders of Class 1 Claims by (i) transmitting solicitation packages (the "<u>Solicitation Packages</u>") to the Depository Trust Company, its Participant Banks, and bondholders; (ii) coordinating printing the Plan, Disclosure Statement and other materials as part of the Solicitation Package for the voting class; (iii) monitoring the responses of the banks and brokers holding bonds on behalf of their customers; (iv) tabulating the ballots received timely; and (v) providing the Debtor with a final tabulation certificate.  Globic Advisors shall also respond to inquiries from Class 1 creditors relating to ballots and matters related thereto, including, without limitation, the procedures and requirements for voting to accept or reject the Plan.

<u>Duties of Distribution Agent</u>

9.    In connection with the solicitation of votes with respect to the Plan, Dykema Gossett PLLC, counsel for the Debtor ("<u>Dykema</u>") shall act as the Distribution Agent.  The Distribution Agent is authorized and directed to act as the distribution agent for the communications with all claim holders and others set forth in this Motion with respect to the Plan (the "<u>Distribution Agent</u>").  In such capacity, the Distribution Agent will assist the Debtor in: (i) mailing the appropriate notice packages (the "<u>Notice Packages</u>") to non-voting Classes and other parties; (ii) responding to inquiries from creditors and stakeholders relating to the Plan, the Disclosure Statement, the ballots and matters related thereto, including, without limitation, the procedures and requirements for (a) voting to accept or reject the Plan, and (b) objecting to the

Plan; (iii) if necessary, contacting creditors regarding the Plan, and (iv) mailing Confirmation Hearing Notices (defined below) to non-voting parties entitled to notice.

Ballots

10.     In connection with the Plan, the ballots in substantially the form attached to the Motion as **Exhibit "B-1"** (the "Beneficial Owner Ballot") **and Exhibit "B-2"** (the "Master Ballot") are approved and shall be used in connection with the solicitation of votes on the Plan by holders of impaired Claims against the Debtor in Class 1.

Notices

11.     Other Secured Claims, excluding claims in Class 1, against the Debtor will be paid in cash under the Plan.  The form of notice for Class 2 claim holders, a copy of which is attached to the Motion as **Exhibit "C-1"**, is approved and shall be used to adequately apprise such holders that such holders will be paid under the Plan on account of such secured claims and, thus, are deemed to accept the Plan and not entitled to vote for or against the Plan.

12.     General Unsecured Claims against the Debtor will be paid in cash under the Plan. The form of notice for Class 3 claim holders, a copy of which is attached to the Motion as **Exhibit "C-2"**, is approved and shall be used to adequately apprise such holders that such holders will be paid under the Plan on account of such general unsecured claims and, thus, are deemed to accept the Plan and not entitled to vote for or against the Plan.

13.     Entrance Fee Refund Obligation Claims will be assumed by the Debtor or the Reorganized Debtor under the Plan.  The form of notice for Class 4 claim holders, a copy of which is attached to the Motion as **Exhibit "C-3"**, is approved and shall be used to adequately apprise such holders their Resident Agreements will be assumed under the Plan and, thus, are deemed to accept the Plan and not entitled to vote for or against the Plan.

<u>Content and General Transmittal of Solicitation Packages and Notice Packages</u>

**Solicitation Packages**

14.     Pursuant to Rule 3017(d) of the Federal Rules of Bankruptcy Procedure, on or before **May 24, 2019** (the "<u>Solicitation Mailing Date</u>"), the Balloting Agent shall transmit or cause to be transmitted, to the persons described below, and by the manners listed below, a solicitation packet (the "<u>Solicitation Package</u>") to all parties holding **Class 1 – Bond Claims**, containing a copy or conformed printed version of:

(a)     the *Notice of (1) Approval of Disclosure Statement, (2) Hearing on Confirmation of Plan; (3) Deadline and Procedures for Filing Objections to Confirmation of Plan; (4) Deadline and Procedures for Temporary Allowance of Certain Claims for Voting Purposes; (5) Treatment of Certain Unliquidated, Contingent or Disputed Claims for Notice, Voting and Distribution Purposes, (6) Record Date; and (7) Voting Deadline for Receipt of Ballots*, in substantially the form of the notice annexed as **Exhibit "D"** to the Motion (the "<u>Confirmation Hearing Notice</u>");

(b)     the Disclosure Statement;

(c)     the Plan (which shall be furnished in the Solicitation Package as Exhibit A to the Disclosure Statement);

(d)     this Solicitation Procedures Order;

(e)     solicitation letters, if any; and

(f)     to the extent applicable, a ballot and/or notice appropriate for the specific creditor, in substantially the forms attached hereto (as may be modified for particular classes and with instructions attached thereto).

15.     Many of the holders of the Class 1, 2012 Bonds (the "<u>Beneficial Owners</u>") hold their bonds in brokerage accounts and often through several layers of ownership. Under the procedures outlined herein, the Balloting Agent shall submit the Solicitation Packages to all Beneficial Owners in a manner customary in the securities industry so as to maximize the likelihood that the Beneficial Owners receive the materials in a timely fashion. Upon launch of the Solicitation, the Balloting Agent will provide the Solicitation Package by overnight courier,

hand delivery or electronic mail to the registered holder(s) of the bonds, as listed in the records of the 2012 Bond Trustee including Cede & Co., as securities depository for The Depository Trust Company ("DTC") with possession of the global certificate for those holders with book-entry possession of the 2012 Bonds. Furthermore, the Balloting Agent will transmit the Solicitation Packages by overnight courier, hand delivery or electronic mail, to all banks, brokers and other nominees of DTC (each, a "Nominee") that were identified by the Balloting Agent as an entity through which Beneficial Owners as of the Record Date custody their Bonds. In addition, each Nominee will be instructed to distribute the Solicitation Packages to their clients, Beneficial Owners, within five (5) business days of receipt of the Solicitation Packages from Balloting Agent. It is understood that certain Beneficial Owners will opt to receive the Solicitation Package in electronic format rather than physical format from their respective Nominee. The Balloting Agent will also transmit a Master Ballot to each Nominee to process Beneficial Owner votes in accordance with the instructions provided below.

16.     Nominees shall obtain the vote of their client, the Beneficial Owners, consistent with customary practices for obtaining votes of securities held in "street name" in one of the following two ways:

   (a)     A Nominee may pre-validate a Beneficial Holder Ballot (a "Pre-Validated Ballot") by: (i) signing the Beneficial Holder Ballot; (ii) indicating on the Beneficial Holder Ballot the name and account number of the relevant 2010 Bondholder and the amount of 2012 Bonds held by the Nominee for and on behalf of such 2012 Bondholder; and (iii) sending the Pre-Validated Ballot together with the Solicitation Package and other materials to the 2012 Bondholder for voting. 2012 Bondholders shall be instructed to relay their decision to accept or reject the Plan in accordance with instructions provided in the Pre-Validated Ballot included in the Solicitation Package and any instructions provided by the Nominee and shall complete the Pre-Validated Ballot, review the certifications contained in the Pre-Validated Ballot, and return the Pre-Validated Ballot directly to the Balloting Agent in the pre-addressed, postage paid envelope included with the Solicitation Package so that it is received by the

Balloting Agent before the Voting Deadline. A list of 2012 Bondholders to whom Pre-Validated Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the Voting Deadline; or

(b) A Nominee may forward to 2012 Bondholders an unsigned Beneficial Holder Ballot, together with the Solicitation Package, other materials requested to be forwarded, and a pre-addressed, postage paid envelope addressed to the Nominee. Each 2012 Bondholder shall then complete and sign the Beneficial Holder Ballot and return the Beneficial Holder Ballot to the Nominee in time such that the Nominee shall be able to transmit each 2012 Bondholder's vote(s) to the Balloting Agent by the Voting Deadline. Alternatively, the Nominee may provide an electronic method to the Beneficial Owners to deliver their vote back to the Nominee. After collecting the Beneficial Holder Ballots, the Nominee shall complete a Master Ballot compiling the votes and other information from each Beneficial Holder Ballot, execute the Master Ballot, and deliver the Master Ballot to the Noticing and Claims Agent so that it is received by the Balloting Agent before the Voting Deadline. All Beneficial Holder Ballots shall be retained by the Nominee for inspection for at least one year from the Voting Deadline.

**Notice Packages**

17. Also pursuant to Rule 3017(d), the Debtor through its Distribution Agent, proposes to transmit or cause to be transmitted the Notice Packages on or before **May 24, 2019**, the Solicitation Mailing Date. The Debtor proposes that the following creditors and other parties in interest receive the Notice Package (which is the Solicitation Package excluding a copy of the Plan and Disclosure Statement) with the exclusions noted herein:

(i)     the United States Trustee;

(ii)    all non-voting unimpaired creditors;

(iii)   creditors holding claims designated as impaired and entitled to vote on the Plan (A) who have filed timely proofs of claim (or untimely proofs of claim which have been allowed as timely by the Court under applicable law on or before the Record Date) that have not been disallowed by an order of the Court entered on or before the Record Date or (B) whose claims are scheduled in the Debtor's

schedules of assets and liabilities dated April 19, 2018, or any amendment thereof (the "Schedules") (other than those scheduled as (x) unliquidated, contingent or disputed or (y) zero or unknown in amount <u>and</u> no proof of claim was timely filed).

18.     So as to avoid duplication and reduce expenses, the creditors who have filed duplicate claims in any given class are only entitled to receive one Solicitation Package, and allowed one ballot for voting their claims with respect to that class, or one Notice Package.

19.     To ensure proper notice of the Confirmation Hearing, the Debtor, through the Distribution Agent, will send the Confirmation Hearing Notice to parties to executory contracts and unexpired leases, which parties are not currently "creditors" as defined in section 101(10) of the Bankruptcy Code.

<u>Plan Supplement</u>

20.     The Debtor shall file the Plan Supplement and all exhibits and schedules to the Plan and/or appendices to the Disclosure Statement with the Court on or before five days prior to the Voting Deadline (the "<u>Plan Supplement Filing Date</u>").

<u>Transmittal to Certain Claim Holders</u>

21.     Pursuant to Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure, with respect to all persons or entities who are listed on the Schedules as having a claim or a portion of a claim which is disputed, unliquidated or contingent or which is scheduled as zero or unknown in amount and such person or entity did not timely file a proof of claim, the Debtor shall not be required to distribute any documents or notices.

<u>When No Notice or Transmittal is Necessary</u>

22.     Solicitation Packages and Notice Packages shall not be sent to creditors whose claims are based solely on amounts scheduled by the Debtor but whose claims already have been paid in the full scheduled amount; <u>provided</u>, <u>however</u>, if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package or Notice Package for any reason other than by virtue of the fact that its claim had been scheduled by the Debtor, such creditor will be sent a Solicitation Package or Notice Package in accordance with the procedures set forth above.  In addition, no Solicitation Package or Notice Package shall be sent to any creditor who filed a proof of claim if the amount asserted in such proof of claim has already been paid.

23.     The Balloting Agent and Distribution Agent, with the consultation of the Debtor, shall retain the discretion not to give notice or service of any kind upon any person to whom the Debtor mailed a Disclosure Statement Hearing Notice and received any of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved – left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such person or entity of that person's or entity's new address.

<u>Procedures for Temporary Allowance of Certain Claims for Voting</u>

24.     Any holder of a claim or interest against which claim or interest the Debtor filed an objection to expunge or disallow such claim or interest shall not be entitled to vote on the Plan and shall not be counted in determining whether the requirements of section 1126(c) of the Bankruptcy Code have been met with respect to the Plan (except to the extent and in the manner as may be set forth in the objection) (a) unless the claim has been temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a) and in accordance with this Order, or (b) except to the extent that, on or before the Voting Deadline, the objection to such claim or interest has

been resolved in favor of the creditor or interest holder asserting the claim or interest. To the extent that the Debtor objects to only a portion of a claim, the holder of such claim will be entitled to vote to the extent of the non-objected to portion of such claim.

25.     The deadline for filing motions requesting temporary allowance of a movant's claim or interest for purposes of voting pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure ("Rule 3018(a) Motions") shall be **June 21, 2019, at 4:00 p.m. Central Time** (the "Rule 3018(a) Motion Deadline"); provided, however, that if the Debtor or any other party in interest objects to a Claim on or after the Rule 3018(a) Motion Deadline, the Rule 3018(a) Motion Deadline shall be extended to the date that is the earlier of (i) ten (10) days following notice of such objection, or (ii) the business day immediately preceding the Confirmation Hearing. Such Rule 3018(a) Motions must be filed and served on the Notice Parties and in the manner set forth herein so as to be received not later than **4:00 p.m. Central Time** on the Rule 3018(a) Motion Deadline.

26.     Any party timely filing and serving a Rule 3018(a) Motion shall contact the Distribution Agent to be provided a ballot and be permitted to cast a provisional vote to accept or reject the Plan. If, and to the extent that the Debtor and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Voting Deadline, then at the Confirmation Hearing, the Court shall determine whether the provisional ballot should be counted as a vote on the Plan.

Procedures for Vote Tabulation

27.     Any ballot timely received that contains sufficient information to permit the identification of the Claimant and is cast as an acceptance or rejection of the Plan will be counted

and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.  The foregoing general procedures shall be subject to the following exceptions:

(a)    If a Claim or Interest is deemed Allowed in accordance with the Plan, such Claim or Interest is Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

(b)    If a Claim or Interest has been estimated or otherwise Allowed for voting purposes by order of the Court, such Claim or Interest is temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(c)    If a Claim or Interest is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the Bar Date or (ii) deemed timely filed by an order of the Bankruptcy Code prior to the Voting Deadline, the Debtor shall treat such Claim or Interest as disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(d)    If the Debtor has served and filed an objection to a Claim or Interest at least twenty-one (21) calendar days before the Confirmation Hearing, the Debtor shall treat that such Claim as temporarily disallowed to the extent and in the manner as may be set forth in the objection, for voting purposes only and not for the purposes of the allowance or distribution, unless otherwise ordered by the Court; and

(e)    All Claimants who return duly executed ballots prior to the Voting Deadline, but who cast such ballots in a manner that neither indicate acceptance or rejection of the Plan, or in a manner that indicates both acceptance and rejection of the Plan, will be deemed to accept the Plan.

28.    The following ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

(a)    Any ballot received after the Voting Deadline unless the Debtor shall have granted an extension in writing of the Voting Deadline with respect to such ballot;

(b)    Any ballot that is illegible or contained insufficient information to permit the identification of the Claimant;

(c)    Any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

(d)    Any ballot cast for a claim scheduled as unliquidated, contingent, or disputed and for which (a) no proof of claim was timely filed, and (b) no

Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline; or

(e)     Any unsigned ballot, unless the Debtor or Balloting Agent subsequently confirms such Claimant's intent in writing.

29.     The following voting procedures and standard assumptions shall be used in tabulating Master Ballots:

(a)     Each Nominee to which beneficial holders return their ballots shall tabulate on the Master Ballot all ballots cast by the Beneficial Owners through such Nominee and return the Master Ballot to the Balloting Agent; provided, however, that each Nominee shall be required to retain the ballots cast by the respective beneficial holders for inspection for one year following submission of a Master Ballot;

(b)     For purposes of tabulating votes, each Beneficial Owner will be deemed to have voted the principal amount of its claim (although any principal amounts may be adjusted by the Balloting Agent to reflect the amount of the claim actually voted, including prepetition interest);

(c)     Votes cast by the Beneficial Owners through a Nominee by means of a Master Ballot shall be applied against the positions held by such Nominee as evidenced by the list of participants obtained from the record holders compiled as of the Record Date; provided, however, that votes submitted by a Nominee on a Master Ballot with respect to a particular security shall not be counted in excess of the position held by such Nominee as a participant on the list obtained from a record holder of the applicable security;

(d)     To the extent there are conflicting votes or over-votes submitted by a Nominee, whether pursuant to a Master Ballot or Pre-validated Ballot, the Debtor shall attempt to resolve the conflict or over-vote; provided, however, that to the extent over-votes on the Master Ballot or Pre-validated Ballots are not reconcilable prior to the Voting Deadline, votes to accept and to reject the Plan shall be applied by the Balloting Agent in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot or Pre-validated Ballot that contain the over-vote, but only to the extent of the position held by such Nominee as a participant on the list obtained from a record holder of the applicable security; and

(e)     Multiple Master Ballots may be completed by a single Nominee and delivered to the Balloting Agent and votes reflected by multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots, or inconsistent, in which case the last Master Ballot

received before the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot.

30.     Notwithstanding Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, whenever two or more ballots are cast voting the same claim prior to the Voting Deadline, the last ballot received prior to the Voting Deadline will be deemed to reflect the voter's intent and thus to supersede any prior ballots, provided however that where an ambiguity exists as to which ballot was the latest mailed, the Balloting Agent reserves the right to contact the creditor and calculate the vote according to such voter's stated intent.  This procedure shall be without prejudice to the Debtor's rights to object to the validity of the second ballot on any basis permitted by law, and, if the objection is sustained, to count the first ballot for all purposes.

31.     Copies of the Plan and Disclosure Statement (including after the Plan Supplement Filing Date all Exhibits, Schedules, and Appendices) may also be obtained, at the requesting parties' expense, upon written request, from the Distribution Agent:

> Dykema Gossett PLLC
> Attn: Deborah Andreacchi
> 1717 Main Street, Suite 4200
> Dallas, Texas 75201

32.     Claim splitting is not permitted.  Creditors who vote must vote all of their claims within a particular class to either accept or reject the Plan.

33.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### # # # END OF ORDER # # #

Order submitted by:

Mark E. Andrews (State Bar No. 01253520)
mandrews@dykema.com
Andrew G. Sherwood (TX Bar No. 24033061)
asherwood@dykema.com
Jane A. Gerber (State Bar No. 24092416)
jgerber@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas 75201
Phone: (214) 462-6400
Fax: (214) 462-6401

**COUNSEL FOR DEBTOR AND
DEBTOR-IN-POSSESSION**