

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 02, 2019.**

_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CHAPTER 11 CASE** |
| **EDEN HOME, INC.** | § | |
| | § | **CASE NO. 18-50608-cag-11** |
| **Debtor.** | § | |

### ORDER CONFIRMING EDEN HOME, INC.' SECOND
### AMENDED CHAPTER 11 PLAN OF REORGANIZATION

The Court has considered *Eden Home, Inc.'s Second Amended Chapter 11 Plan of Reorganization* (as amended, revised or modified, the "Plan")[1] [Docket No. 508] filed Eden Home, Inc. ("Eden" or the "Debtor"). Based on the testimony and proffered evidence presented, the arguments of counsel, and the findings of fact and conclusions of law contained herein, the Court has determined that the Plan should be confirmed.

IT IS HEREBY FOUND AND DETERMINED THAT:

A. *Findings and Conclusions*. The finding and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of

---

[1] Capitalized terms shall have the meanings ascribed in the Plan unless otherwise defined herein.

law pursuant to Rule 52 of the Federal Rules of Civil Procedure as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. *Jurisdiction; Venue; Core Proceeding*. The Court has jurisdiction over the Debtor's Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334. The Debtor is an eligible debtor under section 109 of the Bankruptcy Code. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) over which the Court has jurisdiction and constitutional authority to enter final orders with respect thereto. The Debtor is the sole proponent of the Plan in accordance with section 1121 of the Bankruptcy Code.[2]

C. *Background of the Bankruptcy Case*. The Debtor commenced this bankruptcy case on March 16, 2018 (the "Bankruptcy Case" or the "Case"). Subsequent to the filing, the Debtor sought and obtained approval of certain first day motions including motions to use cash collateral; pay pre-petition wage claims; continue existing bank accounts and cash management system; ensure utility service continued; maintain insurance policies through premium financing in place pre-petition; and modify the automatic stay to permit the continuation of the Debtor's construction lawsuit. In later proceedings, the Debtor sought and obtained permission to pay critical vendors. During the Case, the Texas Attorney General on behalf of the public interest in charity commenced an adversary proceeding styled "*The Texas Attorney General on behalf of the public interest in charity vs. UMB Bank, N.A.*"(Case No. 18-5243) (the "Adversary Proceeding"). This Court has made no determination on the issues raised in the Adversary

---

[2] Unless otherwise noted, including references to the Plan, all references to a "section" shall mean a section of Title 11 of the United States Code, the Bankruptcy Code, and all references to a "rule" shall mean the Federal Rules of Bankruptcy Procedure.

Proceeding, and pursuant to this Confirmation Order, the Adversary Proceeding shall be dismissed, without prejudice, as of the Effective Date.

D. _Judicial Notice_. The Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Clerk of the Court, including, without limitation, all pleadings, stipulations and other documents filed with, all orders entered by, and all evidence and argument made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

E. _Burden of Proof_. The Debtor has the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence. The Court finds that the Debtor has met each element of such burden.

F. _Transmittal and Mailing of Solicitation Materials and Notices_. The solicitation materials and notices prescribed in the _Order Approving (I) the Disclosure Statement;[3] (II) a Record Date, Voting Deadline and Procedures for Temporary Allowance of Certain Claims; (III) Procedures for Filing Objections to Plan; (IV) Solicitation Procedures for Confirmation; and (V) a Hearing Date to Consider Confirmation of the Debtor's Plan_ [Docket No. 502] (the "Solicitation Procedures Order") were served in compliance therewith, the Bankruptcy Code and the Bankruptcy Rules, and such service was adequate and sufficient. The Debtor has given adequate and sufficient notice of the Confirmation Hearing and the other deadlines and matters required to be noticed pursuant to the Solicitation Procedures Order and any further order entered by this Court in compliance with the Bankruptcy Rules and all applicable orders of this Court.[4] No other or further notice is or shall be required.

---

[3] The Debtor filed its _Second Amended Disclosure Statement in Support of Eden Home, Inc.'s Second Amended Chapter 11 Plan of Reorganization_ [Docket No. 509] (the "Disclosure Statement") on May 22, 2019.
[4] See _Certificate of Service for Solicitation Packages_, Docket No. 513.

G.     *Adequacy of Solicitation Procedures*.     All procedures used to distribute the Solicitation Packages[5] to the appropriate creditors entitled to vote on the Plan and to tabulate the Ballots returned by Claimants were fair and were conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order. Votes for acceptance or rejection of the Plan were solicited and cast in good faith, and only after transmittal of a disclosure statement containing adequate information, and otherwise in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, and Rules 3017 and 3018 of the Bankruptcy Local Rules for the Western District of Texas (the "L. Rules" or "Local Rules").

H.     *Good Faith Solicitation – 11 U.S.C. § 1125(e)*.     Based on the record before the Court in the Bankruptcy Case, the Debtor and its professionals have acted in good faith within the meaning of sections 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, and the Solicitation Procedures Order in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

I.     *Ballot Tabulation*.     The Voting Deadline for casting Ballots to accept or reject the Plan has passed, and the Balloting Agent for the balloting permitted for all Classes entitled to vote in connection with the Plan, has filed herein the *Declaration of Robert Stevens, on Behalf of Globic Advisors, Inc., Regarding Voting and Tabulation of Ballots Accepting and Rejecting Debtor's Second Amended Chapter 11 Plan* [Docket No. 518](the "Ballot Certification").

J.     *Impaired Classes Voting to Accept or Reject the Plan*.     The Court finds that Class 1 is impaired under the Plan, and the Court further finds that Class 1 voted to accept the Plan.

---

[5] The Solicitation Procedures Order defines the "Solicitation Packages."

Class 1 accepted without counting votes of insiders. Thus, at least one impaired class of Claims of non-insider creditors has voted to accept the Plan.

K.      *Classes Deemed to Have Accepted or Rejected the Plan*. Classes 2, 3 and 4 Claim holders will be paid in full or will have their contracts assumed under the Plan and are deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code. The Debtor was not required to, and did not, solicit votes of Classes 2, 3 and 4 Claim holders.

L.      *Releases and Injunctions*. The Court hereby finds that each of the release and injunction provisions including without limitation those set forth in Sections 7.3(a), 13.5 and 15.12 of the Plan are: (i) within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334(a), (b) & (d); (ii) an essential means of implementing the Plan pursuant to section 1123(a)(5); (iii) an integral element to the confirmation of the Plan; (iv) in the best interests of and confers material benefits upon, the Debtor, its Estate and Creditors; (v) important to the overall objectives of the Plan to finally resolve certain claims among or against the key parties in interest in the chapter 11 Case; and (vi) consistent with sections 105, 1123 and 1129 of the Bankruptcy Code, Bankruptcy Rule 9019, and other applicable provisions of the Bankruptcy Code and applicable law. The record of the Confirmation Hearing and the Bankruptcy Case is sufficient to support the release, and injunction provisions contained in the Plan. The Court finds that the compromises, releases and injunctions in the Plan, including without limitation those set forth in Sections 7.3(a), 13.5 and 15.12 of the Plan, are not prohibited by applicable statutory or case law.

M.      *Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)*. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(i) *Proper Classification – 11 U.S.C. §§ 1122, 1123(a)(1).* Aside from Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, Secured Tax Claims and U.S. Trustee Fees, which need not be classified, the Plan designates 4 Classes of Claims and Interests. The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate among holders of Claims and Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii) *Specify Unimpaired Classes – 11 U.S.C. § 1123(a)(2).* Sections 5.2, 5.3 and 5.4 of the Plan specifies that Classes 2, 3 and 4 are unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii) *Specify Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3).* Section 5.1 of the Plan specifies that Class 1 is impaired under the Plan. Section 5.1 specifies the treatment of Claims and Interests in this Class, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(iv) *No Discrimination – 11 U.S.C. § 1123(a)(4).* The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v) *Implementation of Plan – 11 U.S.C. § 1123(a)(5).* The Plan provides for, among other things, the reinstatement of the Bonds subject to the Forbearance Agreement and the vesting of substantially all Assets to the Reorganized Debtor, the cancellation of existing Interests in the Debtor, and the assumption of the Resident Agreements entered into as of the Petition Date. Such provisions serve as adequate and proper means for the Plan's implementation, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

(vi) *Non-Voting Equity Securities – 11 U.S.C. § 1123(a)(6).* The Court finds that the Debtor is a non-profit corporation. As such, the provisions of section 1123(a)(6) do not apply.

(vii) *Selection of Officers and Directors – 11 U.S.C. § 1123(a)(7), § 1129(a)(5).* Prior to the Confirmation Hearing, through the filing of the Plan and Disclosure Statement, the Debtor properly and adequately disclosed its Board consists of volunteer members, and the existing members of the Board shall continue to be members of the Reorganized Debtor's Board, subject to normal turnover. The Court finds that the Debtor is a non-profit corporation. As such, the provisions of sections 1123(a)(7) and 1129(a)(5) are satisfied to the extent they are applicable.

(viii) *Additional Plan Provisions – 11 U.S.C. § 1123(b).* The Plan's additional provisions, are appropriate, in the best interests of the Debtor and the Estate, and not inconsistent with the applicable provisions of the Bankruptcy Code.

N.     _Compliance with Fed. R. Bankr. P. 3016_.  The Plan is dated and identifies the proponent, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).  Further, the Plan and Disclosure Statement describe in specific and conspicuous language all acts to be enjoined and identify the entities that are subject to the injunction, satisfying Bankruptcy Rule 3016(c) to the extent applicable.

O.     _Compliance with Fed. R. Bankr. P. 3017_.  The Debtor has given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017 and the Solicitation Procedures Order.  The solicitation materials prescribed by the Plan were transmitted to the interested parties entitled to vote or provisionally allowed to vote on the Plan in accordance with Bankruptcy Rule 3017(d).

P.     _Compliance with Fed. R. Bankr. P. 3018_.  The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018.  The Plan was transmitted to all creditors entitled to vote or provisionally allowed to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with sections 1125 and 1126, thereby satisfying the requirements of Bankruptcy Rule 3018.  Further, the Debtor has filed the Ballot Certification, including a summary of all Ballots received as of the Voting Deadline, with the Court on or before June 28, 2019, pursuant to the Solicitation Procedures Order, Local Rule 3018 and Appendix L-3018-b of the Local Rules.

Q.     _Debtor's Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(2)_.  The Debtor has complied with the applicable provisions of the Bankruptcy Code, , including sections 1125 and 1126, the Bankruptcy Rules, and the Order of this Court approving the Disclosure

Statement in transmitting the Solicitation Packages and related documents and notices and in soliciting and tabulating votes on the Plan, thereby satisfying section 1129(a)(2).

R.    *Plan Proposed in Good Faith – 11 U.S.C. § 1129(a)(3)*.  The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation and solicitation of the Plan, including without limitation the following.  The Bankruptcy Case was commenced as a voluntary chapter 11 case.  Under the totality of circumstances of this Case, the Court has no doubt that the Plan was formulated and proposed in good faith with legitimate and honest purposes of maximizing a recovery for Creditors and maintaining the Debtor's going concern through the Reorganized Debtor.  The Court finds that the Debtor and its Professionals fully considered alternatives to the Plan, but that given the inability to fund construction needed to repair the facilities owned by Debtor, the constituent creditors concluded, along with the Debtor, that maximizing recovery required the Debtor to proceed with repairs and maintenance.  The Plan, which was negotiated at arms'-length by the Debtor, the Residents' Committee and the Bond Trustee, is designed to achieve these goals consistent with the objectives and purposes of the Bankruptcy Code.

S.    *Payments for Services or Costs and Expenses – 11 U.S.C. § 1129(a)(4)*.  All payments made by the Debtor or to be made by the Reorganized Debtor under the Plan, for services or for costs and expenses incurred prior to the Confirmation Hearing in or in connection with the Bankruptcy Case or in connection with the Plan and incident to the Bankruptcy Case have either been approved by this Court's orders, including the *Order Granting Motion for Administrative Order Under Bankruptcy Code Section 105(A) and 331 Establishing Procedures*

for *Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 135]

(the "<u>Professional Fee Order</u>"); the *Order Authorizing the Debtor to Retain and Compensate*

*Professional[s] in the Ordinary Course of Business* [Docket No. 336]; the *Amended and Agreed*

*Final Cash Collateral Order* [Docket No. 367]; and prior cash collateral orders, or remain

subject to final approval of the Court pursuant to Section 14.1 of the Plan, thereby satisfying

section 1129(a)(4) of the Bankruptcy Code. Moreover, the Debtor and Reorganized Debtor

retain the right to object to the final approval of any such payments or seek to recover any

unauthorized payments.

T. <u>*No Rate Changes – 11 U.S.C. § 1129(a)(6)*</u>. There is no regulatory commission

having jurisdiction after confirmation of the Plan over the rates of the Debtor and no rate change

provided for in the Plan requiring approval of any such commission. Therefore,

section 1129(a)(6) of the Bankruptcy Code is not applicable.

U. <u>*Best Interests of Creditors – 11 U.S.C. § 1129(a)(7)*</u>. The Plan satisfies

section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis and evidence proffered or

adduced at the Confirmation Hearing: (i) are persuasive and credible, (ii) have not been

controverted by other evidence, and (iii) establish that each holder of an impaired Claim or

Interest has accepted the Plan or will receive or retain under the Plan, on account of such Claim

or Interest, property of a value, as of the Effective Date, that is not less than the amount that such

holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy

Code on such date. Conversion of the Bankruptcy Case to chapter 7 would result in substantial

additional delay and expense.

V. <u>*Deemed Acceptance of Certain Classes – 11 U.S.C. § 1129(a)(8)*</u>. Classes 2,3 and

4 are deemed to accept as those Classes are unimpaired.

W.     *Treatment of Administrative, Priority, and Tax Claims – U.S.C. § 1129(a)(9)*. The treatment of Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, Secured Tax Claims and U.S. Trustee Fees, pursuant to Articles II, and XI of the Plan, satisfies the requirements of sections 1129(a)(9)(A), (B) and (C) of the Bankruptcy Code. The Debtor has sufficient cash to pay all Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Priority Non-Tax Claims.

X.     *Acceptance by Impaired Class – 11 U.S.C. § 1129(a)(10)*. Class 1 is an impaired Class of Claims that voted to accept the Plan in accordance with section 1126(e) of the Bankruptcy Code and, to the Debtor's knowledge, do not contain insiders whose votes have been counted. Therefore, the requirement of section 1129(a)(10) of the Bankruptcy Code that at least one Class of Claims against the Debtor that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, has been satisfied.

Y.     *Feasibility – 11 U.S.C. § 1129(a)(11)*. Evidence proffered or adduced by the Debtor at the Confirmation Hearing with respect to feasibility are persuasive and credible, and establish that confirmation of the Plan, is not likely to be followed by an additional chapter 7 filing, a motion to convert. Specifically, the facts set forth in the Plan and proffered or adduced at the Confirmation Hearing include, without limitation, that the Debtor has the Cash available to make payments called for on the Effective Date and establish appropriate reserves so that the Reorganized Debtor can make payments to Creditors upon the resolution of any Disputed Claims. In addition, the Reorganized Debtor has financial resources to continue to manage its assets as a going concern and to fund construction and repairs to the Facility as contemplated under the Plan and the Forbearance Agreement. Accordingly, the Court finds that the Debtor has satisfied the requirements of section 1129(a)(11) of the Bankruptcy Code.

Z.    *Payment of Fees – 11 U.S.C. § 1129(a)(12)*.  All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

AA.    *Continuation of Retiree Benefits – 11 U.S.C. § 1129(a)(13)*.  The Debtor does not have any retiree benefits within the meaning of section 1114 of the Bankruptcy Code.  Thus, the requirements of section 1129(a)(13) of the Bankruptcy Code are not applicable.

BB.    *Domestic Support Obligations – 11 U.S.C. § 1129(a)(14)*.  The Debtor is not required by judicial or administrative order, or by statute, to pay a domestic support obligation.  Thus, the requirements of section 1129(a)(14) of the Bankruptcy Code are not applicable.

CC.    *Debtor is Not an Individual – 11 U.S.C. § 1129(a)(15)*.  The Debtor is a non-profit corporation organized under the law in the State of Texas.  As the Debtor is not an individual, the provisions of section 1129(a)(15) of the Bankruptcy Code are not applicable.

DD.    *Debtor is Not a Moneyed Business, or Commercial Corporation or Trust – 11 U.S.C. § 1129(a)(16)*.  The Debtor is a non-profit corporation and all transfers of property described in the Plan shall be made in accordance with any applicable nonbankruptcy law.  Thus, the requirements of section 1129(a)(16) of the Bankruptcy Code are

EE.    *Fair and Equitable; No Unfair Discrimination – 11 U.S.C. § 1129(b)(2)*.  The Plan does not discriminate unfairly and is fair and equitable with respect to all Claims and Interests that are impaired.  Thus, the Plan may be confirmed.

FF.    *Only One Plan – 11 U.S.C. § 1129(c)*.  This Confirmation Order confirms a single plan.  Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

GG. _Principal Purpose – 11 U.S.C. § 1129(d)_. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds. The Plan therefore satisfies the requirements of section 1129(d) of the Bankruptcy Code.

HH. _Not a Small Business Case – 11 U.S.C. § 1129(e)_. Section 1129(e) is inapplicable because the Bankruptcy Case does not qualify as a small business case thereunder.

II. _Executory Contracts_. The Debtor has exercised reasonable business judgment in determining whether to assume and assign, or reject each of their executory contracts and unexpired leases as set forth in Article IX of the Plan and the Plan Supplement filed with the Court. Each pre- or post-Confirmation assumption, assumption and assignment, or rejection of an executory contract or unexpired lease shall be legal, valid and binding upon the Debtor, the Reorganized Debtor, and all nondebtor counterparties to such executory contract or unexpired lease, all to the same extent as if such assumption, assumption and assignment, or rejection had been effectuated pursuant to an appropriate authorizing order of the Court entered before the Confirmation Date under section 365 of the Bankruptcy Code. Any assumption and assignment of an executory contract or unexpired lease under the Plan, shall be binding upon the Debtor, the Reorganized Debtor, and non-debtor counterparties thereto only upon the occurrence of the Effective Date. Further, nothing herein or in the Plan shall affect or otherwise limit the rights of the Debtor or its successor, the Reorganized Debtor, to enforce and prosecute the claims and causes of action reserved under the Plan and this Confirmation Order and transferred to the Reorganized Debtor, including, without limitation the Reserved Causes of Action. This Confirmation Order shall constitute an order of the Court approving rejections described in Article IX of the Plan, pursuant to section 365 of the Bankruptcy Code. The procedures for

rejection of an executory contract in Article IX are approved in all respects, subject to the other terms of this Confirmation Order.

JJ.    *Retention of Jurisdiction*.  The Court properly may retain jurisdiction over the matters set forth in Article XIV of the Plan.

KK.    *Reservation of Causes of Action*.   The Plan, including Sections 7.5 and 7.6 thereof, and the Disclosure Statement, including Article V.I thereof, contain specific and unequivocal reservations of the Estate's Claims and Causes of Action, as required under applicable Fifth Circuit authority including, without limitation, *In re MPF Holdings US LLC,* 701 F.3d 449 (5th Cir. 2012), *In re Texas Wyoming Drilling, Inc.,* 647 F.3d 547 (5th Cir. 2011) and *In re United Operating, L.L.C.,* 540 F.3d 351 (5th Cir. 2008).  Such reservations, to the extent there are any Estate Claims and Causes of Action, are in the best interest of Creditors and the Reorganized Debtor, in order to maximize the value of the Estate.

LL.    *Implementation of the Plan*.  All documents necessary to implement the Plan, including the Plan Supplements, have been filed with the Bankruptcy Court and available for review and objection by Creditors and other interested parties.  Such documents have been negotiated and prepared in good faith and shall, upon execution and subject to the Effective Date, be valid, binding, and enforceable on all parties in interest.  Such agreements are not in conflict with federal or state law.

MM.    *Satisfaction of Confirmation Requirements*.  The Debtor has established by the preponderance of the evidence that the Plan satisfies all requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

NN.    *Post-Effective Date Residents' Committee*.  Section 7.14(b) of the Plan is modified to provide that the constituency of the Post-Effective Date Residents' Committee (the

"PEDRC") may be reconstituted to the extent deemed necessary at the sole discretion of the PEDRC, subject to Paragraphs 27 and 28 of this Confirmation Order; and that any member to the PEDRC may resign at any time by providing written notice ten (10) days prior to the resignation being effective, provided however, that the PEDRC shall retain a minimum of four members.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      <u>Findings of Fact and Conclusions of Law</u>.  The above-referenced findings of fact and conclusions of law are incorporated by reference as though fully set forth herein.

2.      <u>Objections</u>.  All objections to confirmation not withdrawn or otherwise resolved are hereby expressly overruled.

3.      <u>Confirmation of Plan</u>.  The Plan is CONFIRMED in accordance with section 1129 of the Bankruptcy Code, and all terms and conditions set forth in the Plan including, without limitation, (a) all exhibits thereto, (b) the Plan Supplements, and all exhibits and schedules thereto, including the Forbearance Agreement, and (c) all other documents filed in connection with the Plan and the Plan Supplements, or executed or to be executed in connection with the transactions contemplated by the Plan and all amendments and modifications of any of the foregoing made pursuant to the provisions of the Plan as revised prior to the Confirmation Hearing are APPROVED.

4.      <u>Modifications to Plan</u>.  Upon entry of this Confirmation Order, in accordance with section 12.4 of the Plan, the Debtor or the Reorganized Debtor, as applicable, may amend of modify the Plan in accordance with section 1127(b) of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intend of the Plan.  Holders of Claims against the Debtor

that have accepted the Plan are hereby deemed to have accepted the Plan, as amended as provided in the preceding sentence, and no further solicitation or voting is required.

5.      <u>Plan Implementation Authorization</u>.  The Debtor and the Reorganized Debtor, as applicable, are authorized and directed to take any and all actions necessary or appropriate to implement, effectuate, and consummate the Plan, the terms of this Confirmation Order, and the transactions respectively contemplated therein, or otherwise perform their respective duties under the Plan, the Plan Supplements and this Confirmation Order.  In particular, Eden Home, Inc., as Debtor and Reorganized Debtor as the case may be, is authorized and directed to execute the Forbearance Agreement and thereafter deliver it to the Bond Trustee, and is authorized and directed to take any and all actions necessary or appropriate to implement, effectuate, consummate and perform under the Forbearance Agreement.

6.      <u>Binding Effect</u>.  The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever against the Debtor or its Estate, Assets, properties, or interests in property; provided however, the Claims on the Bonds (and any Liens securing payment and performance of such Claims) shall be affirmed, assumed and deemed Allowed by the Debtor and the Reorganized Debtor, and that such Bond Claims shall be subject to the terms and conditions of the Forbearance Agreement.  Except as otherwise provided in this Confirmation Order and the Plan, on the Effective Date, all Claims against and Interests in the Debtor or its Estate, Assets, properties or interests in property shall be satisfied, discharged, and released in full; provided however, that consistent with the preceding sentence, the Bond Claims and any related Liens and the Bond Documents shall pass through the Bankruptcy Case with the same legal, equitable and contractual rights in existence prior to the Petition Date.  Except as

otherwise provided in the Plan and this Confirmation Order, all Persons shall be precluded and forever barred from asserting any Claim or Interest against the Debtor, its Estate, the Reorganized Debtor, any successors or assigns, the Assets, or any interests in the Assets based upon any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date.

7.    <u>Automatic Stay</u>.  The automatic stay pursuant to section 362 of the Bankruptcy Code, except as previously modified by the Bankruptcy Court, shall remain in effect until the Effective Date of the Plan as to the Debtor and all Assets.  Upon the Effective Date, the automatic stay shall be replaced by the injunction set forth in Section 13.12 of the Plan and Paragraphs and 6 and 19 of this Confirmation Order.

8.    <u>Priority Tax Claims, Priority Non-Tax Claims or Secured Tax Claims</u>.  Nothing in the Plan or this Confirmation Order shall modify or affect the Lien rights of a Taxing Authority under applicable non-bankruptcy law.  Whatever rights any Taxing Authority holds in any collateral or proceeds thereof shall remain in effect and shall not be altered by the Plan or this Confirmation Order.  In the event of a default on the payment of a Priority Tax Claim under the Plan, the Taxing Authority to which the payment is owed may pursue all administrative and judicial remedies under applicable law to collect the unpaid Priority Tax Claims, Priority Non-Tax Claims or Secured Tax Claims.

9.    <u>Formation of the Reorganized Debtor; Vesting of Assets and Assumption of Allowed Claims</u>.  The Reorganized Debtor shall be established on or before the Effective Date. Except as otherwise set forth in the Plan, Plan Supplement or this Confirmation Order, all Assets (including without limitation all Causes of Action and Reserved Causes of Action) shall be

conveyed and assigned to the Reorganized Debtor free and clear of all Claims, Liens, encumbrances and other Interests, but subject to the obligations as provided in the Plan. On the Effective Date, the Assets shall be deemed transferred to and vested in the Reorganized Debtor, and the Reorganized Debtor shall assume liability for all Allowed Claims, but only to the extent provided by the Plan. All Distributions pursuant to the Plan shall be made by the Reorganized Debtor. The Claims and Causes of Action reserved, to the extent any exist, in the Plan shall vest in the Reorganized Debtor, and the Reorganized Debtor may, but is not obligated to, prosecute any and all Estate Causes of Action, subject only to the releases and injunctions expressly provided in the Plan, this Confirmation Order and any Prior Order.

10. <u>Standing of the Reorganized Debtor</u>. The Reorganized Debtor is hereby appointed as the representative of the Estate pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with respect to the Reserved Causes of Action, to the extent any exist, including any and all rights, claims, defenses, and counterclaims, and, except as otherwise ordered by the Bankruptcy Court and subject to any releases and injunctions in the Plan and this Confirmation Order. The Reorganized Debtor may enforce, prosecute, counterclaim, crossclaim, setoff, and, settle or compromise any or all of the Reserved Causes of Action, subject to any releases and injunctions in the Plan and this Confirmation Order. The Reorganized Debtor is further vested with authority and standing to assert and/or prosecute any Reserved Causes of Action or Estate Defenses. Notwithstanding the foregoing or anything in the Plan or this Confirmation Order to the contrary, neither the Reorganized Debtor nor any professionals retained by the Reorganized Debtor shall have any liability for pursuing or failing to pursue any such Reserved Causes of Action if, in the exercise of reasonable business judgment by the Reorganized Debtor, the pursuit of a particular Cause of Action would not be in the best interest of the Reorganized Debtor.

11.   <u>Claim Objections and Resolutions</u>.  The Reorganized Debtor, on behalf of itself, the Debtor and the Estate, has the sole power and authority to object to any Claim on behalf of the Debtor or its Estate.  Without limiting the generality of the foregoing, the Reorganized Debtor shall have the power to: (a) object to any Claim which may be asserted against the Debtor on any legal or equitable basis; (b) to seek equitable subordination of any Claim on any legal or equitable basis; (c) to assert any right of Setoff or recoupment, including without limitation, any such right pursuant to section 553 of the Bankruptcy Code; (d) to assert any and all Estate Defenses to any Claim, whether legal or equitable, including any affirmative defenses or any Setoff right; (e) to assert any counterclaim against any Claim, whether arising out of the same or different transactions, including any counterclaim based on a Setoff right; and (f) to object to any Claims on the basis of section 502(d) of the Bankruptcy Code.  In pursuing Claim Objections, the Reorganized Debtor and the responding Claimant shall follow the procedures for resolving disputes over Claims are set forth in Article X of the Plan.

12.   <u>Retention of Subsequent Causes of Action</u>.  Except as is otherwise expressly provided in the Plan or this Confirmation Order, nothing in the Plan or this Confirmation Order shall preclude or estop the Reorganized Debtor, as successor in interest to the Debtor, from bringing a subsequent action in any court or adjudicative body of competent jurisdiction, to enforce any or all of its or their rights in connection with the Causes of Action.

13.   <u>Distributions Under Plan</u>.  Unless otherwise required under the Plan or this Confirmation Order, Distributions made by the Reorganized Debtor shall comply with Articles V and VIII of the Plan.  Any Unclaimed Property may be held by the Reorganized Debtor and distributed in accordance with the Plan, this Confirmation Order and Orders of this Court.

14.     <u>Assumption of Executory Contracts and Leases</u>.  The Debtor is authorized and directed to take all actions and execute all documents necessary or appropriate to assume and assign each of the contracts and leases designated in the Plan Supplements to be assumed and assigned to the Reorganized Debtor (as may be modified by written agreement between the applicable counterparty and the Debtor or Reorganized Debtor, as applicable, the "<u>Assumed Contracts</u>" or, individually, an "<u>Assumed Contract</u>").  The Debtor is unaware of any Cure Claims for any of the Assumed Contracts.  From and after the Effective Date, the Reorganized Debtor shall be responsible for future performance under the Assumed Contracts.  The Reorganized Debtor's obligation hereunder to perform under the terms of the Assumed Contracts shall be, and hereby is, deemed adequate assurance of future performance under the Assumed Contracts, including but not limited to the Residents' Agreements.

Notwithstanding anything contained in the Plan or this Confirmation Order to the contrary, each Resident Agreement, and all obligations arising thereunder, including any rights of each Resident to a refund of any Entrance Fee it paid as set forth in its respective Resident Agreement, will be assumed by the Debtor and assigned to the Reorganized Debtor, as of the Effective Date, pursuant to the Plan and this Confirmation Order.

As provided within Section 9.1 of the Plan and notwithstanding anything in the Plan, each Resident Agreement and all obligations arising thereunder, including any rights of each Resident to a refund of any Entrance Fee or deposit made by the Resident as set forth in the respective Resident Agreement, is assumed by the Debtor and is assigned to the Reorganized Debtor, who agrees to provide adequate assurances of future performance for the duration of each of the Resident's Resident Agreement, as of the Effective Date pursuant to the Plan.

15.     <u>Exemption from Certain Taxes</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, neither (a) the transfer of the Assets to the Reorganized Debtor, (b) the creation of any mortgage, deed of trust, lien, pledge or other security interest, (c) the making or assignment of any contract, lease or sublease, nor (d) the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including, without limitation, any merger agreements, any agreements of consolidation, restructuring, disposition, liquidation, or dissolution, any deeds, any bills of sale, or any transfers of tangible or intangible property, shall be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, sales or use tax, mortgage recording tax, or other similar tax or governmental assessment.  State and local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.  For the avoidance of doubt, the exemption hereunder specifically applies, without limitation, to all documents necessary to evidence and implement the transfers and/or distributions set forth under the Plan, and all documents necessary to evidence and implement any of the transactions and actions described in the Plan or the Plan Supplements.

16.     <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements, and any amendments or modifications thereto.

17.    <u>Setoffs</u>.    Except as otherwise expressly provided for in the Plan or this Confirmation Order, pursuant to the Bankruptcy Code (including section 553 of the Bankruptcy Code), applicable non-bankruptcy law, or as may be agreed to by the holder of a Claim, the Reorganized Debtor may offset against any Allowed Claim and the Distributions to be made pursuant to the Plan on account of such Allowed Claim (before such Distribution is made), any claims, rights, Estate Defenses and Causes of Action of any nature that such Debtor may hold against the holder of such Allowed Claim, to the extent such claims, rights, Estate Defenses or Causes of Action against such holder have not been otherwise compromised or settled on or prior to the Effective Date (whether pursuant to the Plan or otherwise); <u>provided, however</u>, that neither the failure to effect such a setoff nor the Allowance of any Claim or Interest pursuant to the Plan shall constitute a waiver or release by the Debtor or Reorganized Debtor of any such claims, rights, Estate Defenses and Causes of Action that the Debtor or Reorganized Debtor may possess against such Claimant.    Any Claimant, to the extent allowable under section 553 of the Bankruptcy Code and applicable non-bankruptcy law, may offset against any claims, rights, Estate Defenses and Causes of Action of any nature that the Debtor or its successor may hold against the holder of such Allowed Claim, to the extent such claims, rights, Estate Defenses or Causes of Action against such holder have not been otherwise compromised or settled on or prior to the Effective Date (whether pursuant to the Plan or otherwise); <u>provided, however</u>, nothing in the Plan shall be deemed to deprive or prevent the Debtor or Reorganized Debtor, as applicable, from seeking a judicial determination from the Bankruptcy Court or any other court of competent jurisdiction regarding the validity and extent of such Claimant's setoff rights under section 553 of the Bankruptcy Code or applicable non-bankruptcy law.

18.    <u>Recoupment</u>.  In no event shall any holder of Claims or Interests be entitled to recoup any Claim or Interest against any claim, right, Account Receivable or Cause of Action of the Debtor or the Reorganized Debtor, as applicable, unless: (i) such holder actually provides notice thereof in writing to the Reorganized Debtor of its intent to perform a recoupment; and (ii) such notice includes the amount to be recouped by the holder of the Claim or Interest and a specific description of the basis for the recoupment.  Notwithstanding the foregoing, nothing in the Plan shall be deemed to deprive or prevent the Debtor or Reorganized Debtor, as applicable, from seeking a judicial determination from the Bankruptcy Court or any other court of competent jurisdiction regarding the validity and extent of such Claimant's recoupment rights.

19.    **PERMANENT INJUNCTION.**  Except as otherwise provided in the Plan, from and after the Effective Date, **ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN THE DEBTOR PRIOR TO THE EFFECTIVE DATE ARE PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST THE DEBTOR, ITS ESTATE, ITS ASSETS OR THE REORGANIZED DEBTOR ON ACCOUNT OF ANY SUCH CLAIMS OR INTERESTS**: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a right of subrogation of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; <u>provided, however</u>, that nothing contained herein shall preclude such persons from exercising their rights pursuant to and consistent with the terms of the Plan and this Confirmation Order.

20.   <u>Professional Fee Claims; Return of Retainers</u>.  All final requests for compensation or reimbursement of Professional Fee Claims pursuant to sections 327, 328, 330, 331, 363, 503(b) or 1103 of the Bankruptcy Code shall be filed no later than the first Business Day that is at least thirty (30) days after the Effective Date ("<u>Fee Claims Bar Date</u>"), covering all periods for which fees are required until the Effective Date, and also including fees, charges or expenses reasonably incurred for the preparation of the Professional Fee Claims.  Any Person asserting a Fee Claim must also comply with all provisions of Section 11.1 of the Plan and this Court's Professional Fee Order.  Finally, any party holding an unused portion of a Retainer in this Case shall remit to the Reorganized Debtor any and all unused portions of the Retainer which have not been applied pursuant to an Order of the Bankruptcy Court on or before: (i) sixty (60) days after the Effective Date, if no Fee Claim is filed timely pursuant to Section 11.1(b) of the of the Plan; or (ii) ten (10) days after the Bankruptcy Court enters an Order with respect to a timely filed Fee Claim, if such Fee Claims is filed timely pursuant to Section 11.1(b) of the Plan.  The Plan shall not affect any party-in-interest's rights to object to Professional Fee Claims.  If the Debtor, Reorganized Debtor and any such applicable party-in-interest cannot agree on the amount of fees and expenses to be paid to such party, the reasonableness of any such fees and expenses shall be determined by the Court.

21.   <u>Other Administrative Expense Claims</u>.  No later than the first Business Day that is thirty (30) days after the Effective Date (the "<u>Administrative Claims Bar Date</u>"), any party seeking allowance of an Administrative Claim (except Professional Fee Claims), shall file with the Bankruptcy Court a request for the allowance and payment of such Administrative Claim or be forever barred from doing so.  The notice required under Paragraph 25 below shall set forth such date and constitute adequate notice of this Administrative Claims Bar Date. The Debtor or

the Reorganized Debtor, as the case may be, shall have twenty-one (21) days (or such longer period as may be allowed by order of the Bankruptcy Court) following the Administrative Claims Bar Date to review and object to such Administrative Claims before a hearing for determination of allowance of such Administrative Claims.

22.     <u>Filing and Recording</u>.  This Confirmation Order is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any document or instruments.  Each and every federal, state and local government agency is hereby directed to accept any and all documents and instruments necessary, useful or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recoding tax, stamp tax, transfer tax or similar tax imposed by state or local law.

23.     <u>Confirmation Order as Controlling Documents</u>.  In the event of an inconsistency between the Plan and this Confirmation Order, the terms of this Confirmation Order will control to the extent permitted by applicable law or authority.

24.     <u>Conditions to Effective Date</u>.  The Plan shall become effective upon entry of the Confirmation Order, which shall not be subject to any stay, in form and substance acceptable to the Debtor the Bond Trustee.

25.     <u>Notice of Effective Date</u>.  As soon as practicable after the Effective Date, the Reorganized Debtor shall file a notice with the Bankruptcy Court and serve a copy of such notice

pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c)(2) on all holders of Claims and Interests, and the U.S. Trustee by causing notice to be delivered to such parties by first-class mail, postage prepaid, or, if available, electronic mail, notifying such parties of the Effective Date of the Plan and all relevant deadlines, including those established under Paragraphs 20 and 21 of this Confirmation Order. On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

26. <u>Establishment of the Post-Effective Date Residents' Committee</u>. On the Effective Date, the Residents' Committee shall dissolve and its members shall be released and discharged from all authority, duties, responsibilities and obligations related to and arising from and in connection with the Bankruptcy Case. Following the Effective Date, the members of the Residents' Committee shall become the members of the Post-Effective Date Residents' Committee, which is hereby established and effective as of the Effective Date.

27. <u>Role of the Post-Effective Date Residents' Committee</u>. The scope of the role of the Post-Effective Date Residents' Committee shall consist of the following:

(a) Have the right to consult with the Reorganized Debtor concerning the use of Settlement Proceeds for effecting the repairs and improvements the Reorganized Debtor anticipates making to the Facility;

(b) Receive from the Reorganized Debtor written materials as specified: (i) any correspondence from the Bond Trustee to the Reorganized Debtor giving notice of the Reorganized Debtor's default; (ii) monthly operations budgets of the Reorganized Debtor; and (iii) monthly construction budgets of the Reorganized Debtor;

(c) Receive from the Reorganized Debtor a monthly report indicating (i) the number of parties that accessed the virtual data room, maintained by the Real Estate Broker, during the prior month; (ii) the number of parties that have approached the Reorganized Debtor and/or the Real Estate Broker with an offer during the prior month to which the Board of Directors has authorized a counteroffer;

(d) Retain the right, provided under this Plan and the order confirming the Plan, to monitor the actions of the Reorganized Debtor in the implementation of the Plan. In the event the Post-Effective Date Residents' Committee, after consulting with the Reorganized Debtor's Board of Directors, concludes that the Reorganized Debtor is

taking action contrary to the Plan, to the extent it chooses to take action, such action must be brought before this Court, which shall retain exclusive jurisdiction to enforce the Plan. The Post-Effective Date Residents' Committee reserves the right to seek payment of counsel's fees and expenses under applicable Texas state law; and

(e)     Have the authority to select and employ counsel and other professionals of its choosing (the "PEDRC Professionals") to assist it in its consultations with the Reorganized Debtor.  The Reorganized Debtor shall pay the fees and expenses of the PEDRC Professionals; provided, however, that the amount of said fees and expenses shall be limited to $25,000.00 per year (commencing on the Effective Date) for all PEDRC Professionals.  On the Effective Date, the Reorganized Debtor shall fund such $25,000.00 as a retainer.  PEDRC Professionals shall send monthly invoices for fees and expenses to the Reorganized Debtor.  In the event the Post-Effective Date Residents' Committee has not dissolved pursuant to Section 15.13 of the Plan prior to the one-year anniversary of the Effective Date, the Reorganized Debtor shall fund an additional $2,000.00 per month (which amount shall be the maximum exposure of the Reorganized Debtor for the PEDRC Professionals' fees and expenses) as an additional retainer to the PEDRC Professionals.  Such monthly funding shall continue until the Post-Effective Date Residents' Committee is dissolved.

28.     Dissolution and Discharge of the Post-Effective Date Residents' Committee.  The Post-Effective Date Residents' Committee shall continue in existence until the earliest to occur of: (i) completion of the repairs and improvements paid for with Settlement Proceeds; (ii) a sale, refinancing, or affiliation of the Facilities; and (iii) the two (2) year anniversary of the Effective Date, whereupon the Post-Effective Date Residents' Committee shall be dissolved and the members thereof shall be released and discharged of and from all further authority, duties, responsibilities and obligations relating to and arising from and in connection with the Bankruptcy Case and the responsibilities of the Post-Effective Date Committee set forth in this Order and the Plan.

29.     Patient Care Ombudsman.  On the Effective Date, the Patient Care Ombudsman appointed by the Bankruptcy Court pursuant to section 333 of the Bankruptcy Code, shall be deemed discharged and relieved of any further duties or authority.

30.     Abstention and Other Courts.  Nothing in the Plan or this Confirmation Order shall affect the right of the Reorganized Debtor to file claims, Causes of Action or otherwise

seeking any relief in any court of competent jurisdiction.  If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction or authority to enter final orders over any matter arising out of or relating to this Chapter 11 Case, the Plan shall not limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

31.     <u>Adversary Proceeding Dismissed</u>.  Effective on the Effective Date, the Adversary Proceeding shall be, and hereby is, dismissed without prejudice, and the respective rights of the parties thereto shall be, and hereby are, returned to their respective positions prior to the Petition Date.

32.     <u>Compromise of Controversies</u>.  The provisions of the Plan constitute a good faith compromise and settlement of all Claims and controversies resolved under the Plan and is in the paramount interest of creditors considering: the probability of the Debtor's success in the various litigation that would be required to resolve the Claims and controversies, the difficulties in collection if such litigation were successful, the complexity of the litigation, expense and delay associated therewith, and the Distributions and other benefits provided under the Plan.  Consideration for all such compromises, settlements, injunctions and releases is adequate and the entry of this Confirmation Order constitutes approval of such compromises, settlements, injunctions and releases under Bankruptcy Rule 9019, subject to the provisions of the Plan.

33.     <u>Further Financial Reporting</u>.  By July 20, 2019, the Reorganized Debtor shall file a monthly operating report for June 2019.  Thereafter, the Reorganized Debtor shall file quarterly reports in a format satisfactory to the United States Trustee until the case is closed, converted, or dismissed.  The Reorganized Debtor shall file the quarterly reports by the 20th of the month following the end of the calendar quarter.

34.    <u>Documents and Instruments</u>.  Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order.

35.    <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.

36.    <u>Reorganized Debtor's Compliance with Rules, Laws, and Regulations</u>. Notwithstanding anything contrary contained in the Plan or this Confirmation Order, nothing in this Confirmation Order shall be construed to excuse the Reorganized Debtor's compliance with all applicable rules, regulations, law and statutes set forth by the Texas Department of Insurance in its oversight roles of Continuing Care Retirement Communities or the Texas Health and Human Services Commission.

37.    <u>No Waiver of Plan Provisions Not Expressly Referenced or Restated</u>.  The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

38.    <u>Immediate Effectiveness</u>. Any stay of this Confirmation Order by any Bankruptcy Rules, including by the possible applicability of Bankruptcy Rules 3020(e), 6004, 7062, or

otherwise, is hereby waived, and the terms and conditions of this Confirmation Order shall be immediately effective and enforceable upon its entry.

39.   <u>Jurisdiction</u>. This Court shall retain jurisdiction as described more fully in Article XIV of the Plan. In addition, the Court shall retain jurisdiction to hear and determine any issues that may arise under 11 U.S.C. § 525.

### # # # END OF ORDER # # #

**SUBMITTED BY:**

Mark E. Andrews (TX Bar No. 01253520)
Andrew G Sherwood (TX Bar No. 24033061)
Jane A. Gerber (TX Bar No. 24092416)
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas 75201
Phone: (214) 462-6400
Fax: (214) 462-6401
mandrews@dykema.com
asherwood@dykema.com
jgerber@dykema.com

**ATTORNEYS FOR THE DEBTOR AND
DEBTOR-IN-POSSESSION**